Drew *v.* Chamberlin et al.

JOHN DREW *v.* SPENCER CHAMBERLIN AND CHARLES A. CLARK.

Upon a *scire facias* on a recognizance, taken upon an appeal from a judgment of a justice of the peace upon a complaint for wilfully and without force holding over demised premises, founded upon the sixth section of the statute of February 27, 1797, and conditioned that the appellant should pay to the complainant all intervening damages, occasioned by his being delayed, with additional costs, in case the judgment should be affirmed, the plaintiff is not entitled to recover, as intervening damages, the value of the rents and profits of the premises from the time the appeal was taken until the time judgment was affirmed and a writ of restitution obtained.

Where the declaration, in such case, alleged that the plaintiff had been deprived of the rents and profits of the premises in consequence of the appeal, and that these constituted intervening damages which he was entitled to recover, and also that additional costs were incurred, and the defendant, in his plea, averred that he had paid all the costs, and that no other intervening damages had accrued, except the enhanced costs, and that the amount of the costs was accepted by the plaintiff in full satisfaction and discharge of all damages, and the plaintiff, in his replication, traversed all these averments, except the payment of the costs, it was held, that the real issue involved was, whether, in addition to the costs, any damages to the plaintiff intervened between the appeal and the final judgment, and that, under this issue, the plaintiff was not entitled to prove the value of the rents and profits of the premises during that time.

Evidence adapted to prove the material and substantial part of the issue formed by the pleadings is admissible, although the pleading, on the part of the party offering the evidence, may be so defective, that judgment would be arrested after a verdict; but this does not entitle the party to prove every immaterial circumstance, that may happen to be embraced by the issue.

SCIRE FACIAS upon a recognizance, taken upon an appeal by the defendant Chamberlin from the judgment of a justice of the peace, upon a complaint for wilfully and without force holding over certain demised premises, founded upon the sixth section of the statute of February 27, 1797, and conditioned, that the appellant should pay to the complainant all intervening damages occasioned by his being delayed, with additional costs. And the plaintiff alleged, in his replication, that he had been kept out of the possession of the premises, in consequence of the appeal, from the time the appeal was taken until final judgment was rendered in his favor, and that the rents and profits of the premises, during that time, amounted to thirty-six

dollars, which he had lost, and which constituted intervening damages, and that additional costs had also been incurred, which had not been paid. The defendant pleaded two several pleas in bar, the substance of which was, that the costs recovered by the plaintiff amounted, in all, to $19,54, that no other intervening damages had accrued, that the rents and profits of the premises amounted to no other or larger sum, that he had paid the amount of the costs in full, and that the plaintiff accepted that amount in full satisfaction and discharge of all damages. The plaintiff replied, traversing all these allegations in the pleas, except the payment of the costs. Trial by jury, June Term, 1846,—Royce, J., presiding.

On trial the defendant gave in evidence the writ of restitution, with the plaintiff's receipt upon it, showing the payment of the costs and that possesion of the premises had been delivered to him. The plaintiff offered evidence to prove the value of the use and occupation, rents and profits, of the premises, from the time the appeal was taken until the time when the plaintiff finally obtained restitution and possession of the premises. To this evidence the defendant objected; and it was excluded by the court.

The court directed a verdict for the defendants. Exceptions by plaintiff.

*J. Cooper* for plaintiff.

If the evidence offered by the plaintiff tended to prove the issue formed, it was admissible. The allegation in the declaration is, that the rents and profits from the appeal to the restitution were intervening damages. The plea is, that $19,54 was all the costs and intervening damages, and that the rents and profits were no other or larger sum. These facts are traversed. The evidence tended directly to prove the issue on the part of the plaintiff. Evidence tending to prove the issue is admissible, though the declaration be defective. *Harding* v. *Cragie*, 8 Vt. 501. *Onion* v. *Fullerton*, 17 Vt. 359. *Barney* v. *Bliss*, 2 Aik. 60. v. *French Thompson*, 6 Vt. 54, 59. *Warden* v. *Burnham*, 8 Vt. 390.

What are intervening damages? Ordinarily they refer to the debt, claim, or thing to be recovered, and are said to be what the plaintiff has lost by the delay. This action was not to try a right of property, nor could that come in question,—but simply whether the plaintiff

Drew *v.* Chamberlin et al.

had the right of possession.   If there are intervening damages, they must be something relating to the use of the premises ; for this is sought to be recovered, that is, the occupancy ; and the possession is all there is in issue, or can be.   The delay in obtaining this is the plaintiff's loss in consequence of the appeal, and constitutes the intervening damages.   The plaintiff is entitled to recover the value of his chance of obtaining the thing sued for, when delayed by an appeal.   1 Aik. 296.   17 Vt. 562.

*J. H. Kimball* for defendants.

We think the use and occupation, rents and profits, of the land in controversy in the original suit are not intervening damages.   1. The suit against Chamberlin could only be for the restitution of the land sued for ; Slade's St. 187, § 6 ; therefore no judgment could be or was rendered, in that suit, for debt, or damages.   2. If the plaintiff claimed damages, his remedy was by a distinct and separate action, founded upon the eighth section of the same statute,—Slade's St. 188, § 8,—or upon section eighteen of chapter forty-one of the Revised statutes.   6 Vt. 286.   3. The plaintiff's suit was for the restitution of the land only ; and the recognizance only bound the defendants for the additional costs and for such debt, or damages, as the plaintiff was entitled to recover in that suit ; and as the plaintiff could only recover restitution of the premises in that suit, and no damages, the recognizance was only for costs.   It was like a case, where the plaintiff appeals,—when the judgment is only for costs.

The opinion of the court was delivered by

DAVIS, J.   The original proceeding, on the appeal of which to the county court the recognizance now sued was taken, was a complaint in writing, made by the plaintiff against Chamberlin, one of the defendants, founded upon the sixth section of the statute of February 27, 1797,—Slade's St. 187, § 6,—in relation to forcible entry and detainer, for wilfully, but without force, holding over two small pieces of land in Glover after the determination of the demise to Chamberlin.   It was made to a single justice, *Dwinnell,* in pursuance of the additional statute of November 17, 1836 ; and a hearing was had before said justice and a jury of six, on the 19th day of June, 1840.   A verdict having been returned in favor of the plain-

tiff, judgment was thereupon rendered, that the plaintiff have restitution of the premises described in his complaint, and that he recover his costs. An appeal being taken by Chamberlin, he as principal, and Clark, as surety, entered into the recognizance in question. It was in conformity to the statute requirement, and contained a stipulation against intervening damages, as well as additional costs. The case was entered in the county court; and at the December Term, 1840, judgment was finally rendered for the plaintiff, for restitution of the lands mentioned, and for costs, including additional costs. A writ of possession and execution for costs was issued, by virtue of which the plaintiff was put in possession of the lands. He also received the full amount of costs taxed, and receipted the same on the back of the execution.

The plaintiff in his declaration alleges, that he was kept out of the possession of the premises, and from the receipt of the rents and profits of the same, about nine and a half months, in consequence of the appeal,—the value of which he states was thirty-six dollars ; and he claims to recover that sum in this suit, as intervening damages. The defendants have pleaded two special pleas in bar, which are substantially alike,—setting forth, in detail, the facts above stated in respect to the proceedings in the suit, the recovery of final judgment, in the county court, for restitution and costs, the payment of the latter, and averring that said amount of costs was all the intervening damages sustained, that that sum, being $19,54, was received and accepted by the plaintiff in full satisfaction and payment of all intervening damages and costs, that the rents and profits were no other and larger sum, &c. The plaintiff, in his replication, traversed so much of these pleas as related to intervening damages and the acceptance of the amount of costs in full satisfaction of all costs and intervening damages. Issue was closed to the country.

On trial in the county court, in support of the issue on his part, the plaintiff offered proof of the value of the premises from the time of taking the appeal to the time when he obtained restitution and actual possession. This evidence was rejected by the court,—and we think on correct grounds.

Nothing in the statute indicates an intention in the legislature to comprehend the accruing rents and profits, during the pendency of the appealed cause, as intervening damages. On the contrary, the

statute, in express terms, after the defendant shall be found guilty, gives to the plaintiff a right to recover, in an action of trespass, single or treble damages, depending upon the fact, whether notice to quit had or had not been given. In analogy to the proceedings in ejectment in England, no provision is made for the recovery, in the direct proceeding, of rents and profits in the form of damages,—nothing but the land itself, and the costs of suit. If, then, in no event, damages can be comprehended in the original judgment, it would be strange logic to maintain that such a result may be reached by a proceeding merely incidental and collateral to the main suit. The statute having pointed out a mode in which they may be recovered, we are satisfied no other exists.

But it has been urged by the plaintiff's counsel, that though all this be so, yet, under the issue formed by the pleadings in this case, the proof offered was pertinent and proper, and tended to sustain the issue on his part, and ought therefore to have been received. There is no doubt of the general soundness of the proposition contended for, when properly applied and understood. It is very liable to misconstruction, however. It is never understood in such a sense, as to require, that every immaterial circumstance, that may happen to be embraced by the issue, shall be open to proof. Evidence adapted to prove the material and substantial part of the issue is of course admissible, although the written statement of his case, by the party offering it, whether in a declaration, or plea, may be radically defective,—so much so, even, that judgment would be arrested after a verdict. This is the sum and substance of the doctrine laid down by the judges of this court, in the several cases to which we have been referred.

In this case it is not to be disguised, that the pleas in bar are very inartificially drawn, asserting matters, which, whether true, or false, have nothing to do with the merits of the controversy. The defendants could not safely have demurred to the declaration, inasmuch as that averred, that additional costs were incurred in consequence of the appeal,—an event prospectively provided for by the terms of the recognizance; but it no where contains an admission of the payment of such costs. This fact, therefore, it was necessary for the defendants to bring forward, in order to shield themselves; and it was, in truth, the only essential fact, which it was necessary

73

thus to bring forward. Whatever was said in the declaration in re-spect to the plaintiff's being kept out of the rents and profits a cer-tain length of time, and that these constituted intervening damages, for which he had a right to recover, needed no answer. The repli-cation, therefore, admitting, as it does, by implication, the fact of payment of these costs, has admitted all that was essential to the defence; and had it been demurred to, it must have been adjudged insufficient. The issue having been, however, closed to the country, the inquiry arises, what were the elements of that issue? Un-doubtedly the real point involved was, whether, in addition to the costs, any damages to the plaintiff intervened between the appeal and final judgment. The declaration asserts the affirmative; the pleas, besides averring payment in full of all costs recovered, pro-ceed to deny, that any intervening damages occurred, other than the enhanced costs, and conclude by stating the acceptance of the amount of costs in full satisfaction and discharge of all damages. These averments in the pleas, except those relating to the payment of costs, are traversed in the replication. The issue thus formed included matter of law, as well as matter of fact.

It seems by the record, that the only evidence, offered by the plaintiff in support of the issue, related to the value of the use and occupation, rents and profits of the premises, during the interval. This fact, alone, had no tendency to prove, that the plaintiff had sustained damage, unless we assume, as matter of law, that the loss of these rents and profits for a season constituted intervening dam-ages, within the true intent and meaning of the recognizance. Such assumption could not be properly made. The acceptance or non-acceptance, formally put in issue, was a matter immaterial in itself; and besides, it was not incumbent on the plaintiff, had it been other-wise, to take the initiative in respect to it; and he did not, in fact, offer any evidence on that point. We think, therefore, the ruling of the county court was right; and their judgment must be affirmed.