The defendant's counsel is correct in the position that, to render the possession and enjoyment of an easement upon the land of another person, for twenty years or more, a bar to an action by the owner of the land, such possession must appear to have been adverse to the rights of such owner; for if it were by license, and without claim of right, no length of enjoyment would prejudice the title of the proprietor. The idea of adverse possession being therefore part of the legal definition of this species of title, it follows that a party, in pleading such a title, must allege in terms a state of facts which, by necessary inference, would show that his possession was hostile to the party against whom such title is set up, or to those under whom such party derives title. In Colvin v. Burnet (17 Wend.,
564), the plea in an action on the case for flowing the plaintiff's lands, like the answer in this case, stated an uninterruped use for twenty years, without alleging that such use was adverse or under a claim of right; and for that defect the plea was held bad on demurrer. But the plaintiff in the present case, instead of demurring, took issue upon the allegation, evidently understanding it to amount to a defence to the action, if it were true; and no objection to its sufficiency was made until the defendant offered evidence in support of it on the trial. I am of opinion that the plaintiff, having treated this allegation in the answer as a sufficient statement of a defence, by replying to it, and by going to trial without objection, is precluded from objecting to evidence to sustain it. In Meyer v.M'Lean (1 John., 509; S.C., 2 id., 183), in an action on a judgment, the defendant pleaded nil debit, to which plea he annexed a notice that he would prove on the trial that the amount of the judgment had been levied by virtue of an execution issued thereon. It is well understood that nil debit is not a proper plea to an action on a record. This plea was therefore bad on demurrer, and it was consequently not the general issue contemplated by the statute authorizing *Page 250 
notice of special matter to be annexed to the general issue. The plaintiff, however, did not demur, but brought the cause on to trial, and then objected to the evidence which the defendant offered under the notice. The testimony was received, and the defendant had a verdict. On a motion for a new trial the court held the ruling to be correct, saying that by going to trial the plaintiff admitted the plea to be valid as a general issue, and that it was not the province of the judge at nisi prius to decide on the pleadings. The plaintiff subsequently moved in arrest of judgment, but that motion was also denied, on the ground that he had treated the plea as a legal one. Reynolds v.Lounsbury (6 Hill, 534) was replevin in the cepit, but the declaration omitted to allege that the taking was wrongful, as the statute requires. The defendant pleaded, and on the trial he objected that the issue was immaterial on account of the defect in the declaration. The objection was overruled. On error to the supreme court (the original action being in the common pleas), it was decided that, by omitting to demur, the defendant had precluded himself from objecting to the evidence; and the defect upon the record was held to be cured by the verdict, on the theory that the judge would not have allowed a recovery by the plaintiff without proof that the taking was in fact wrongful. The doctrine established by these cases is, that a defective pleading, though the defect be one of substance, will not warrant the judge at the circuit in excluding evidence of the claim or defence thus imperfectly set up. It is apparent upon the face of this answer that the defendant intended to set up a defence arising out of a prior occupancy of the land flowed for twenty years, for the facts stated in the answer would be sufficientprima facie evidence to establish that defence, provided nothing was shown on the part of the plaintiff to qualify the act of the defendant or those under whom he claimed, as that the damming and setting back the water was by the permission of the owner *Page 251 
of the land, or that it was accompanied by some circumstance which would deprive it of the character of an adverse invasion of the rights of such owner. It would be the duty of the judge to overrule the defence, unless the proof made out such a case as the law contemplates; that is to say, unless the act of obstructing the stream appeared to be adverse to the title of the owner of the land overflowed. If, therefore, the defendant had succeeded in obtaining the verdict, the judgment in his favor would not have been arrested or reversed on account of the defect in the answer. The case would be within the ninth subdivision of the title of the Revised Statutes concerning amendments, which declares that a judgment shall not be affected on account of the omission of any allegation or averment of any matter, without proving which the jury ought not to have given the verdict. (2R.S., 425.) The provision in the Code is still broader, and would authorize the supplying the averment omitted after judgment. (§ 173.)
We have decided, it is true, that it is the duty of the judge, on the trial, to reject evidence offered in support of immaterial issues. (Corning v. Corning, 2 Seld., 97.) But an issue is not immaterial within the meaning of this rule on account of the omission of some averment in a pleading which is essential to the full legal idea of the claim or defence which is attempted to be set up. If the court can plainly see, as in this case, what the matter really attempted to be pleaded is, the issue is not immaterial, though it may be defectively stated. Judge Jewett, in giving the opinion of the court in the case just referred to, takes the proper distinction between such issues as are wholly impertinent and foreign to the merits of the controversy between the parties, and cases in which material matter is omitted to be stated in a pleading, otherwise pertinent and proper. It is only in the case of impertinent issues that the judge is authorized to reject the evidence. *Page 252 
The proof offered in this case was competent, though the offer, like the pleading, omitted to characterize the obstruction as adverse. The defendant was entitled to prove the fact of a continued obstruction for twenty years at the place where it was alleged he had maintained the dam complained of, and it would be for the jury to determine, from all the circumstances of the case, whether it was hostile or permissive.
The judgment of the supreme court should be reversed and a new trial ordered.