INEZ GOODALL v. B. F. DREW.

October Term, 1911.

PRESENT: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed February 9, 1912.

*Presumption in Favor of Judgment—Adverse Possession—Evidence
—Improper Admission of Evidence not Cured by Instruction—
Harmless Error.*

The continuity of possession of one claiming title to real estate by adverse
possession could be kept up by her intention expressed by acts of her
tenants done under her authority, and at times other than those at
which they took possession of their tenements, and so, where a de-
fendant in trespass on the freehold justified under a conveyance from
one claiming title by adverse possession, and there was nothing to show
that tenants of the grantor did not act under her authority in taking
possession of the *locus*, on review it must be presumed in support of the
judgment below that they did.
Where defendant in trespass on the freehold justified under a conveyance
from one claiming title by adverse possession, testimony of defendant's
grantor that she made no objection to her tenants using the *locus*
was admissible to show that such tenants were not mere trespassers
whose acts could not be tacked to make continuity of possession by
defendant's grantor.
A claim of right is essential to the acquisition of title by adverse possession,
and that may be shown by the declarations of the claimant.
In trespass on the freehold, where plaintiff justified under a conveyance
from one claiming title by adverse possession, though plaintiff testified
that she claimed to the listers at each quadrennial appraisal that she
owned the *locus*, it was error to receive in evidence against her the
portion of the quadrennial appraisals that showed what real estate
was set to her, as it was not the duty of the listers, on her mere claim of
ownership either to set the land to her, or to note her claimed owner-
ship, and so no inference of non-claim was warranted from the fact
that they did neither. That error was not cured by the instruction
that, if the jury found that plaintiff stated to the listers that she
owned the land and claimed it, the fact that it was not set in the list
would not make against her at all, for that still left the appraisals to
be used to preclude such a finding.
But that error was harmless to plaintiff on the issue as to whether she claimed
ownership, for, as the court held that plaintiff owned the land unless

defendant's grantor had acquired title by adverse possession, neither the claim nor non-claim of plaintiff could affect defendant's burden to show such title by adverse possession.

Still that error went to impeach plaintiff as a witness, and, as it does not affirmatively appear that she did not testify to other matters that were material to the issues in the case, it does not appear with any degree of certainty that she was not harmed by the impeachment resulting from the error, which, therefore, requires a reversal.

TRESPASS *quare clausum.* Plea, the general issue with notice of special matter in defence. Trial by jury at the June Term, 1911, Caledonia County, *Hall,* J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Dunnett & Slack,* and *Ira W. Thayer* for the plaintiff.

*Harland B. Howe* and *Herbert W. Hovey* for the defendant.

ROWELL, C. J.,   This is trespass for entry on land in St. Johnsbury East Village. Plea, the general issue with notice of special matter in defence, including license and possessory title in the defendant's grantor, Jane Barker, who deeded the *locus*  to him in August, 1909, which is a strip of land about eleven feet wide extending across the southerly side of a small parcel of land lying easterly of and adjoining the main highway leading through said village, bounded westerly by said highway, northerly by the store of Mrs. Barker, easterly by Joseph Webster's land, and southerly by the defendant's other land. On Oct. 22, 1883, the plaintiff owned the above bounded piece of land, the Barker store, and the Webster premises, and was in lawful possession thereof. On that day she conveyed the Webster premises to Henry F. Hardy by warranty deed, including a right of way across said piece of land, therein called the "common," for the purpose of passing to and from the same, and the right to have the "common" kept open and unencumbered by buildings or otherwise.

On Dec. 30, 1884, the plaintiff conveyed said store to Mrs. Barker. The court held that the plaintiff still had the record

title to the "common," including the *locus,* and has title thereto, unless Mrs. Barker has acquired title thereto by adverse possession.

In support of his claim of possessory title, the defendant showed by Mrs. Barker that she claimed to own the "common" ever after she bought the store; that shortly after she bought the store she leased it to one Estabrook, and to several successive tenants named; that none of these tenants had a written lease, and that at the time they took possession of the store she said nothing to any of them about using the "common" nor any part of it, nor about their right to use it in connection with the store.

This being so, the plaintiff claims that it was error to permit Mrs. Barker to testify for what purposes and to what extent her tenants had used the "common," because the privity between her and her tenants was limited to the store, and did not extend to the "common," and so the acts of the tenants upon the "common" were mere trespasses, and cannot be tacked together to make continuity of possession by her. But that continuity could be kept up by her intention if her tenants acted under her authority given at times other than those at which they took possession; and as it does not appear that they did not, it must be presumed in favor of the judgment that they did. In this view it was not error to allow her to testify that she made no objection to her tenants using the "common."

Nor was it error to allow her to testify that she had told various persons that she owned the "common," and told her tenant Fisher so, for that was but allowing her declarations of a claim of right, which is essential to the acquisition of title by adverse possession,—*Lathrop* v. *Levarn,* 83 Vt. 1, 74 Atl. 331, and which may be shown by the declarations of the claimant. *Webb* v. *Richardson,* 42 Vt. 465, 473.

The plaintiff testified on cross examination that she had always claimed to the listers to own the "common," and had informed them fully concerning it each time they made a quadrennial appraisal, but that she could not tell whether they entered it in the appraisals or not. As bearing on the question whether the plaintiff was claiming to own the property in question at the time of the appraisals, the defendant was permitted,

subject to exception, to give in evidence the portion of the quad-rennial appraisals of 1890 to 1906 inclusive that showed what real estate was set to the plaintiff. When the appraisals were admitted the court said in the presence and hearing of the jury that if the plaintiff stated to the listers that the land was hers and that she claimed it, and the jury so found, the fact that it was not set in the list would not make against her at all; and it charged the jury to the same effect.

The jury found especially that the defendant got a prescriptive title to the *locus* by his deed from Mrs. Barker, and also that he had a license to do what he did do thereon.

It was error to admit the quadrennial appraisals as bearing on the question whether the plaintiff was claiming to own the land, for it amounted to holding that if the land was not set to her in the appraisals, as it was not, they were evidence tending to show that she was not then claiming it as she said she was, and this involved the assumption that if she was thus claiming it the land would have been set to her, or the fact of her claim been stated, neither of which follows, for it was not the official duty of the listers to do either on her mere claim, and therefore no inference of non-claim could be drawn from the fact that they did neither. To draw such an inference would be like asserting a conclusion that has no connection with the premises.

Nor was the error cured by the court's telling the jury that if the plaintiff stated to the listers that she owned the land and claimed it, and the jury so found, the fact that it was not set in the list would not make against her,—for that still left the appraisals to be weighed against such a finding.

But inasmuch as the court held that the plaintiff owned the land unless Mrs. Barker had acquired title to it by adverse possession, it was immaterial whether the plaintiff claimed it or not, for neither her claim nor her non-claim could add to nor take from the defendant's burden of showing prescriptive title. This being so, she was not harmed by the error in this particular respect. But she was discredited by reason of the error, and her memory if not her integrity thereby impeached; and as it does not affirmatively appear that she did not testify to other matters that were material to the issues in the case, it does not appear with any degree of certainty that she was

not harmed by the impeachment consequent upon the error.

*Reversed and remanded.*