WILSON BROTHERS GARAGE *v.* FRANK A. LARROW.

Special Term at Brattleboro, February, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Misjoinder—Objections to Evidence—General and Special Verdict—Motion to Reduce Verdict—Motion in Arrest of Judgment—Practice Act—Exceptions to Charge—Overruled When Error not Pointed Out.*

The question of misjoinder of causes of action cannot be raised by an objection to evidence which is relevant and material to one of the counts of the declaration.

Where the jury returned a general verdict for the plaintiff, and also a special verdict fixing the damages, but allowed under a special count of the declaration, and included in the general verdict, a motion to reduce the general verdict, by remitting the damages found under the special count on the ground of misjoinder of causes of action was properly overruled.

On a motion in arrest of judgment, on the ground of misjoinder of causes of action in the declaration, where a special verdict renders the damages severable, the court may cure the defect by permitting the plaintiff to remit the damages upon one of the counts.

A motion to reduce a general verdict where a special verdict fixed the damages found under a special count in the declaration, and included in the general verdict, on the ground of misjoinder of causes of action, is not in accordance with the procedure contemplated in the Practice Act, (No. 90, Acts of 1915, Sec. 9) which provides that no action shall be defeated because of misjoinder of causes of action; but that the fault, if pointed out, shall be corrected under the direction of the court.

An exception to the charge of the court, which does not with sufficient clearness indicate to the trial court the point of the objection, will not be sustained in Supreme Court.

ACTION under the common counts in assumpsit with a special count joined thereto. Plea, the general issue, payment and set-off. Trial by jury at the September Term, 1915, Windham County, *Fish,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*A. F. Schwenck* and *Kittredge Haskins* for the defendant.

*Chase & Chase* for the plaintiff.

TAYLOR, J. This is an action under the common counts in assumpsit with a special count joined brought to the municipal court of Brattleboro. The writ is dated June 14, 1915. Plaintiffs seek to recover under the common counts for services rendered and materials furnished, and under the special count for damages to certain personal property. There was a trial in the municipal court on the general issue with judgment for plaintiffs, from which defendant appealed. In the county court plaintiffs filed a specification which included the damages to the personal property averred in the special count. Defendant then pleaded the general issue (non-assumpsit), payment and set-off, and the case was tried by jury.

On trial defendant objected to all evidence offered in support of the special count on the ground that it was irrelevant and immaterial; and further for that the special count was a declaration in tort and could not lawfully be joined with the common counts in assumpsit. To the reception of this evidence defendant excepted.

The special count to which this objection was directed is entitled "a further plea of assumpsit" and alleges in substance that plaintiffs had become, and on the day specified were, tenants to defendant of certain premises described therein; that in consideration of the rent thereof defendant undertook and faithfully promised plaintiffs that he would keep the premises in tenantable repair and condition for use by them as an automobile garage; that defendant, not regarding his promise and undertaking, did not keep the premises in tenantable repair and condition according to his promise, but wrongfully and unjustly suffered the same to be and continue, and they were during the time in question, in untenantable repair and condition in certain specified particulars; that solely by reason of the untenantable condition of the premises a portion of the building fell and destroyed the property sued for.

The evidence received under exception tended to support the allegations of the special count and was not objectionable on the ground of relevancy or materiality. Defendant's argument is that the action on which the trial proceeded was assumpsit on the common counts with pleas of non-assumpsit, payment and set-off; that the evidence in question was irrelevant and immaterial to any issue raised by the pleadings and so improperly received. But the declaration contained two counts both claimed to be in assumpsit and defendant's pleas were to the whole declaration; so his plea to the second as well as the first count was non-assumpsit with issue joined thereon.

Defendant's main contention is that the special count was in tort and so not properly joined with the common counts in assumpsit. But he cannot raise the question of misjoinder of counts by an objection to the evidence applicable to one of the counts. He could as well object to any evidence being received under either count for the same reason. Assuming without deciding that the counts were not properly joined, when defendant elected to permit issues of fact to be joined on both he cannot sustain an objection to evidence pertinent to those issues. If he has any remedy on this ground of objection after the case is at issue on the facts, it is in some other form. *Barney* v. *Bliss et al.*, 2 Aikens 60; *Chase* v. *Holton*, 11 Vt. 347; *Briggs* v. *Mason*, 31 Vt. 438; *Newman* v. *Wait*, 46 Vt. 689; *State* v. *Louanis*, 79 Vt. 463, 65 Atl. 532, 9 Ann. Cas. 194; *State* v. *Per-*

*kins,* 88 Vt. 121, 92 Atl. 1; *State* v. *Rosenberg,* 88 Vt. 223, 92 Atl. 145.

The jury returned a general verdict for the plaintiffs for $249.01. Under the court's instructions they returned a special verdict fixing the damages included in the general verdict and allowed under the special count at $141.50. Defendant moved to set aside the verdict; (1) because against the evidence and weight of evidence; (2) because the special verdict and the amount found therein is against the evidence and the weight of evidence; (3) because the pleadings are insufficient to found such a special verdict thereon and the declaration insufficient to sustain said verdict. He also moved that plaintiffs be ordered to remit the amount of the special verdict. The several motions were overruled, to which defendant excepted.

The only question presented by these motions which we need to notice is that raised by the motion to reduce the general verdict. This was not a motion in arrest of judgment which would have raised the question of misjoinder. *Joy et al.* v. *Hill,* 36 Vt. 333; *Haskell* v. *Bowen,* 44 Vt. 579; *Dean* v. *Cass,* 73 Vt. 315, 50 Atl. 1085; *Rowley* v. *Shepardson,* 83 Vt. 167, 74 Atl. 1002, 138 Am. St. Rep. 1078. On such a motion, if the court held that the counts were not properly joined, it might have cured the defect by permitting the plaintiffs to remit the damages upon one of the counts, since the special verdict rendered the damages severable. *Haskell* v. *Bowen, supra.* Nor was the motion in accordance with the procedure contemplated in the Practice Act (No. 90, Acts of 1915, §9), which provides that no action shall be defeated on account of the misjoinder of causes of action; but that the fault, if pointed out, shall be corrected under the direction of the court. By his motion defendant assumed the right to specify the offending count, leaving nothing to the choice of the plaintiffs or the discretion of the court. These counts were joined in the original declaration and so stood alike as to the objection of misjoinder. If either had to go out, it is reasonable to assume that plaintiffs would elect the one carrying the smaller damages and quite likely that the court would have confirmed their choice. It was not error to overrule the motion.

In the damages claimed and recovered under the special count was included damage to an automobile owned by one White that was being stored by plaintiffs in their garage. Plain-

tiffs testified that they were obliged to and did replace damaged parts to the value of $56.50 as charged in their specification. White was improved by defendant as a witness and testified that plaintiffs did not replace to him the damaged parts but that he procured the automobile to be repaired elsewhere at his own expense, that plaintiffs had never paid him anything therefor and that he had never made any claim on them. In the charge, after calling the jury's attention to the testimony and arguments on this point, the court said: "Nothing should be allowed on that item, if Mr. White's story about it is true, unless you should be convinced under the circumstances in the case that there is a liability there of damage which Mr. White can call upon the plaintiffs to make good. If the plaintiff is liable to Mr. White for this damage that was done, why then that would be a proper matter for compensation." Defendant excepted—"to the instructions given the jury that if they should find that the plaintiffs were liable to Mr. White for the damage resulting to the parts of his automobile, then that such amount should be reckoned in by the jury on the question of plaintiffs' damages under the items charged for in their specification."

So far as appears nothing further was said to direct the court's attention to any fault in that part of its charge. It is not claimed that the proposition was unsound but it is now objected that there was error in that the court submitted to the jury to determine a pure question of law. Granting as defendant's counsel argue that it was the court's duty to instruct the jury what in law would create a liability, defendant is not entitled to a reversal unless counsel indicated with sufficient clearness the point of their objection. They did not ask the court to charge what in law would create liability and did not except to the failure of the court to so charge. Doubtless the inadvertence would have been corrected if either course had been taken. In the circumstances we think the exception should be overruled.

*Judgment affirmed.*