GEORGE ANDERSON ET AL. *v.* E. M. NICHOLS.

February Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 6, 1919.

*Pleading—Demurrer—Contracts—When Joint—When Several —G. L. 1798—Failure of Court to Act.*

If one contracts with two or more jointly, and their interests are several only, his engagement, in the absence of controlling language, is several, and each promisee should sue separately for. his damages.

When a promise is to pay a group of persons a stated sum to be divided among them in proportions named, the engagement ordinarily will be joint, and not several, but, if payment is to be made not to the group, but to its several members, each to receive from the promisor his own share, the engagement ordinarily will be several, and not joint.

Where the consideration for the defendant's promise moved from the plaintiffs, not jointly but severally, that alone is enough to make his promise *prima facie* several.

In consideration of defendant agreeing to extend his transmission line to furnish plaintiffs electric current, they severally promised each to pay him two hundred and fifty dollars therefor, and he promised to charge any other person two hundred and fifty dollars for connection with the extended line, and to divide half. of it between them. *Held*, that the defendant's promise, although joint in form, was several in essence, giving rise to separate actions in favor of the several promisees.

Where the demurrer specifically pointed out the defect in the declaration, that the plaintiffs had sued jointly on a contract under which their interests were several, but plaintiffs, instead of asking the court to act under G. L. 1798, providing that an action shall not be defeated because of a misjoinder of parties, but the fault, if pointed out, shall be corrected under the direction of the court, chose to litigate the question, it was not error for the court to neglect to so act.

ACTION OF CONTRACT by eight plaintiffs jointly for breach of special contract. Heard on defendant's demurrer to the declaration at the March Term, 1918, Orleans County, *Slack*, J., presiding. The demurrer was sustained, the declaration adjudged insufficient, and judgment for the defendant. The plaintiffs excepted.

The declaration, in substance, alleges that on October 5, 1915, the defendant owned and maintained an electric light and power transmission line and the plaintiffs were the owners of certain farms in the towns of Glover and Albany and desired the defendant to extend his electric power transmission line to their buildings so that they could secure "electric current for lighting and power purposes to be used upon their said farms"; that on said October 5, 1915, they entered into a contract with the defendant to extend his transmission line from one Grant White's for the purpose of furnishing them electric current and they "then and there severally promised and agreed to and with the said defendant to pay to said defendant the sum of one hundred twenty-five dollars each, when said transmission line should be constructed to a point opposite their buildings, and one hundred twenty-five dollars each when their buildings should be by said defendant properly wired and equipped for turning on said electric current"; that the defendant erected said transmission line and wired the buildings of the plaintiffs and they each paid him the sum of two hundred fifty dollars, amounting in the whole to the sum of two thousand dollars, "and all in accordance with the terms of said contract."

The declaration further alleges that in said contract the defendant promised and agreed to and with the plaintiffs "that, if, during the life of said contract, any person living on said transmission line as constructed under said contract desired to obtain electric current of and from the said defendant, he, the said defendant, would charge said person two hundred fifty dollars for connecting said person's buildings with said transmission line, one-half of which two hundred fifty dollars should be retained by the said defendant and the other half equally divided by the said defendant between the plaintiffs and other persons whose buildings should thereafter be connected with said transmission line under said agreement;" that, since the construction of said transmission line under said contract the defendant has connected with said transmission line the store of

W. R. Graham and E. J. Douglas in the village of South Albany and the buildings of Lynn Anderson in Glover, said persons then and there living on and adjacent to said transmission line; that "the said defendant not regarding said promises, agreements and undertakings to and with the plaintiffs neglected and refused to pay these plaintiffs their said several shares of money accruing to them under the terms of said contract and by reason of the said defendant having connected with said transmission line the buildings of the said Lynn Anderson and the store of the said Graham and Douglas."

The ground of demurrer is that there is a misjoinder of plaintiffs, for that the contract declared upon is, as to them, several and not joint.

*W. W. Reirden* for the plaintiffs.

*Frank D. Thompson* for the defendant.

POWERS, J.   If you contract with two or more jointly, and their interests are several only, your engagement, in the absence of controlling language, will be taken to be several, and each promisee should sue separately for his damages.   Note, 1 Saund. 154; *Beckwith* v. *Talbot*, 95 U. S. 289, 24 L. ed. 496; *Emmuleth* v. *Home Benefit Assn.*, 122 N. Y. 130, 25 N. E. 234, 9 L. R. A. 704.   This rule of the common law was, at an early day, approved and adopted as the law of this jurisdiction.   In *Geer* v. *School District*, 6 Vt. 76, Judge MATTOCKS says, in effect, that in all actions on contracts suit must be brought in the name of the party who has the legal interest, though the form of the undertaking might require some one else to sue.   And in *Sharp* v. *Conkling*, 16 Vt. 355, Judge REDFIELD, upon a consideration of the common-law authorities, asserts the fully established rule to be that, if the interest in the subject-matter secured by the contract is several, though the terms thereof are joint, the engagement will be taken to be several, unless such interpretation is excluded by the language used.

So it is that when the promise is to pay a group of persons a stated sum to be divided among them in proportions named, the engagement, ordinarily, will be joint and not several.   1 Parsons, * 13; *Lane* v. *Drinkwater*, 1 C. M. & R. 599; *Byrne* v. *Fitzhugh*, 1 C. M. & R. 613.

On the other hand, when payment is to be made not to the group, but to its several members, each to receive from the promisor his own share, the engagement, ordinarily, will be several and not joint.   1 Parsons, * 19; *Owings' Exrs.* v. *Owings,* 1 Har. & G. 484.

When tested by the above rule, the complaint before us breaks down.   The interests of these plaintiffs are several.   The consideration for the defendant's promise moved from them, not jointly, but severally; and this alone is enough to make that promise *prima facie,* several.   2 Page, § 1142; *Satler Lumber Co.* v. *Exler,* 239 Pa. 135, 86 Atl. 793.   Moreover, the contract set up in this complaint does not require the defendant to pay the sum specified to the plaintiffs, but binds him to divide it between them.   So the defendant's promise though joint in form, is several in essence.   In legal consequence, it is a group of separate promises, and gives rise to separate actions in favor of the several promisees.

We note, in passing, that the complaint contains the common counts in assumpsit, but as neither party makes reference thereto, we ignore them in disposing of the questions raised by the demurrer.

The defect in this declaration should have been corrected below.   The Practice Act provides for such cases.   G. L. 1798.  The fault was sufficiently pointed out by the demurrer (*Reynolds* v. *Bean,* 91 Vt. 247, 99 Atl. 1013), but instead of asking the court to act under the section just cited, counsel chose to litigate the question.   In these circumstances it was not error for the court to neglect to act.   *Reynolds* v. *Bean, supra.*

*Judgment affirmed.*