G. C. BERKLEY *v.* BURLINGTON CADILLAC COMPANY, INC.

January Term, 1923.

Present:   POWERS, TAYLOR, SLACK, and BUTLER, JJ., and FISH, Super. J.

Opinion filed November 9, 1923.

*Pleading—Election as to Counts—Motion to Dismiss for Misjoin-*
*der of Counts Properly Overruled Where Fault Is Corrected*
*—When Motion for Directed Verdict Properly Refused—*
*Leading Questions—Discretion of Court—Harmless Error*
*—Objection Not Urged Below—Error Must Affirmatively*
*Appear—Evidence Outside Issues Inadmissible—Alleging*
*Impertinent Matter Cannot Be Foundation for Admission of*
*Evidence Otherwise Irrelevant and Inadmissible—Waiver—*
*Issue for Jury—Proper Admission of Evidence under Count*
*Subsequently Withdrawn—Instructing Jury to Disregard*
*Evidence Erroneously Admitted—Effect of Withdrawing*
*Issue from Jury on Which Evidence Has Been Erroneously*
*Admitted—Permitting Jury to Consider Evidence Under a*
*Count Withdrawn—Failure to Except to Charge Not Waiver*
*of Objection to Improper Testimony.*

1.   Under G. L. 1798, either where there is a misjoinder of counts or the joinder of a good with a defective count for the same cause of action, the court may properly require the plaintiff to elect the counts.

2.   Where a motion to dismiss an action for a misjoinder pointed out the claimed fault in the pleadings, which was thereupon cor-

rected, the motion was thereby defeated under the Practice Act (G. L. 1798), and the overruling of the motion cannot be made the basis of a reversal.

3.  Although the plaintiff misnamed his cause of action as in tort and the count was insufficient to state a cause of action in tort, a verdict for the defendant could not properly be directed if the count stated a cause of action and there was evidence to support it.

4.  An objection to a question as leading in form is addressed to the discretion of the trial court, and its ruling thereon is not reviewable.

5.  Where evidence was objected to as immaterial because there was no allegation affecting the matter to which it referred, the want of such allegation must appear affirmatively, as the Supreme Court will not search the record for error.

6.  In an action for breach of warranty, where plaintiff's witness was asked whether, if a generator was not operating properly and was not of sufficient size, it would not fail to supply the storage battery with sufficient electricity, an affirmative answer was not prejudicial to defendant as the question called for the assertion of a self-evident fact.

7.  On exceptions to the Supreme Court, an objection not urged below will not be considered.

8.  It is a general rule that evidence outside the issues made by the pleadings is inadmissible.

9.  A party cannot allege impertinent matter in his pleading, and thereby lay the foundation for the admission of evidence otherwise irrelevant and inadmissible; and this rule has not been changed by the Practice Act, as indicated by the provision of G. L. 1793 that impertinence in the pleading shall be ground for a motion to expunge.

10.  A party does not waive the right to object to irrelevant evidence by his failure to ask that impertinent matter in a pleading be stricken out.

11.  On an issue to the jury, the question to be tried is whether material facts alleged are true, and not whether they are legally sufficient to sustain the action or defense, and, as the latter question cannot be raised by an objection to the evidence, objection thereto on the ground that the complaint did not charge actionable fraud was not well taken.

12. Where a complaint consists of several counts, the admission of evidence properly received only under counts that are subsequently disregarded is not rendered erroneous by the fact that it was inadmissible under the count upon which the case was finally submitted to the jury.

13. Error in the admission of evidence cannot be cured by instructing the jury to disregard it.

14. The erroneous admission of evidence on a certain issue may be rendered harmless by wholly withdrawing the issue from the jury, the test being, in the circumstances of the particular case, whether it sufficiently appears that the error has injuriously affected the rights of the complaining party.

15. Where evidence tending to show fraud was improperly admitted under a count which was subsequently withdrawn, and the trial court, instead of withdrawing the offending evidence from the jury's consideration, called it expressly to their attention, and told them to make use of it, although cautioning them to "use it properly and grade it rightly," the error was prejudicial.

16. Under such circumstances exceptions to the admission of such evidence were not waived by failure to except to the charge.

ACTION OF CONTRACT for breach of warranty. Plea, the general issue. Trial by jury at the March Term, 1923, Franklin County, *Chase*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Reversed and remanded.*

*M. G. Leary* and *Watson & McFeeters* for the defendant.

*H. Elmer Wheeler, M. H. Alexander,* and *Fred L. Webster* for the plaintiff.

TAYLOR, J. The suit grows out of the sale of an automobile by the defendant to the plaintiff. The complaint contains an original count and two amended counts. The parties disagreed as to the form of action, the plaintiff insisting that the action sounded in tort for deceit, and the defendant claiming otherwise. At the close of plaintiff's evidence the defendant moved for a directed verdict on the ground, in substance, that the plaintiff had failed to allege and prove actionable fraud. The court, on being informed that the defendant did not rest, overruled the

motion, to which the defendant excepted.  Thereupon, the defendant requested that the plaintiff elect which of the three counts he relied upon.  Plaintiff's counsel stated that they did not rely upon the original count,—that they had so notified defendant's counsel earlier in the trial,—and they had leave to "eliminate" it.  Respecting the amended counts their claim was that they conformed to the provisions of the Practice Act, in that they set forth the facts on which the plaintiff relied as a basis of recovery in the manner therein required, regardless of their being characterized as counts in tort or otherwise; and they asked to be relieved of any embarrassment by reason of having said, in response to inquiries by defendant's counsel, that they were actions in tort.  They insisted upon the right to go to the jury upon both counts, but stated that if they were required to elect they should elect to stand upon the second amended count, "be that whatever it is."  The court held that the plaintiff should elect which of the two amended counts he relied upon and treated what had been said as an election to stand upon the second of such counts, to which the plaintiff was allowed an exception. The defendant then moved for a directed verdict, in view of the plaintiff's claim respecting the form of action set out in the count relied upon, on the ground, in substance, that actionable fraud was not therein alleged and that the plaintiff had failed to establish the several necessary elements of such an action. The motion was overruled and the defendant had an exception. The defendant also moved to dismiss the action because the plaintiff refused to elect and on the ground of misjoinder of counts.  This motion was overruled and the defendant saved an exception.  During the discussion the presiding judge remarked that the court was trying to act under the law which provides that if there is a misjoinder and the fault is pointed out, it shall be corrected under the court's direction.  At the close of all the evidence the several motions were renewed, the court made the same rulings and allowed the same exceptions.  An additional motion for a directed verdict was made, but it does not require separate attention as it was in substance merely a restatement of the grounds of the earlier motion.

[1]  It seems to have been admitted by the defendant, at least tacitly, that the count left for consideration charged a breach of warranty.  The court so charged the jury and the defendant took no exception.  As appears from the charge, the

evidence was undisputed that the defendant warranted the car to be new, all right in every respect, and free from any defects whatsoever. The defendant's evidence tended to show that the automobile was as warranted. No claim was made but that the car was new, but the plaintiff's evidence tended to show a breach of the warranty in the other respects named. It was upon this issue alone that the case was submitted to the jury under instructions satisfactory to the defendant. The verdict was for the plaintiff. The defendant argues in support of its motion for a directed verdict that since the plaintiff "persistently relied solely upon the right to recover in tort, failing to allege in the last count of the amended declaration any fraud or deceit in the sale of the particular car received," he had no right to recover in tort. It is urged that it was error for the court to correct the fault in the pleadings and to limit the recovery to the single count against the objection of the plaintiff. Indeed, the defendant insists that the defect, though pointed out, was never corrected, owing to the plaintiff's refusal to elect. *Wilson Bros. Garage* v. *Larrow,* 90 Vt. 413, 98 Atl. 902, is relied upon, but that case does not support the defendant's position. As seen, the plaintiff was not insisting upon the right to recover tort-wise, although his counsel maintained that both of the amended counts were in tort; but was claiming the right to recover on both counts, which were said to be for the same cause of action, however they were characterized. The court evidently regarded the first amended count as a count in tort, and did only what it had a right to do when in effect it sustained the defendant's motion for an election of counts. This was so whether the fault in pleading was a misjoinder of counts or the joinder of a good with a defective count for the same cause of action. G. L. 1798. The defendant relies upon *Anderson* v. *Nichols,* 93 Vt. 262, 107 Atl. 116, in support of the proposition that the court was without right to act against plaintiff's objection; but that case holds only that it was not error for the court to neglect to act in similar circumstances.

[2, 3] The overruling of the motion to dismiss the action for a misjoinder cannot be made the basis of a reversal. The motion served to point out the claimed fault in the pleading, but with the result that the fault was corrected, which under the Practice Act defeated the motion. G. L. 1798. The motion for a directed verdict was also properly overruled. It did not

challenge the sufficiency of the evidence to sustain the allegations of the count under consideration, but in this respect was directed to a hypothetical count such as would withstand the test of a good count in tort.  It was not claimed below, nor is it claimed here, that the count did not state a cause of action, but the claim was that it was insufficient as a count for actionable fraud.  It matters little that the plaintiff misnamed the cause of action.  A verdict for the defendant could not properly be directed if the count stated a cause of action and there was evidence to support it.  *Lewis* v. *Crane,* 78 Vt. 216, 228, 62 Atl. 60.  So far as the motion was directed to the sufficiency of the complaint, the exception to the refusal of the court to direct a verdict is unavailing.  *State* v. *Perkins,* 88 Vt. 121, 92 Atl. 1. The defendant contends that the plaintiff elected to proceed in tort, and must stand by his election, but the doctrine of election of remedies has no application.  The most that can be claimed is a misjoinder of a defective count in tort with a good count in contract under the mistaken notion that they were both counts in tort.

[4, 7]  One of plaintiff's witnesses had testified in direct examination respecting the generator that it generates electricity for keeping the storage battery charged, furnishing ignition, lights, etc.  He was then asked, ''If the generator is not operating properly and is not of sufficient size, it will not supply the storage battery with sufficient electricity, is that right?''  Subject to the objection that the question was leading and immaterial, the witness was permitted to answer, ''Yes.  Well, of course it won't keep the battery up if that happens to be the case.  Of course, it won't keep the storage battery charged if that happens to be the case.''  The defendant relies upon an exception to the action of the court in overruling its objection.  The question was leading in form, but the objection in that respect was addressed to the discretion of the trial court, and to that extent its ruling is not reviewable.  *Jenness* v. *Simpson,* 84 Vt. 127, 141, 78 Atl. 886.  The ground of the objection as to the materiality of the question was that there was no allegation ''affecting the matter to which it refers.''  It would be enough to say that want of the allegation, if essential, does not appear affirmatively. We are left to search the record for error, which we do not do. But it is clear that the answer could not possibly have harmed the defendant.  The question called for the assertion of a self-

evident fact.   The objection now urged respecting opinion evidence was not made below and is not considered.

It fairly appears that the original and the first amended counts were framed as counts charging fraud by false representations.   The complaint was not demurred to and no action was taken to have impertinent allegations stricken out.   Under exception the plaintiff was permitted to testify respecting the condition of an automobile delivered to the defendant in part payment of the car in question; also concerning representations respecting the comparative value of the two cars as a trading proposition, coupled with a promise (which was not kept) to treat the new car as of a certain value if he wanted to trade with the defendant at any time in the future; and likewise concerning an agreement to renew a note given in part payment and the defendant's refusal to keep the agreement when the note fell due.   This line of evidence was objected to as immaterial, and as not affording the basis of actionable fraud, being either merely matter of opinion or in the nature of promissory statements.   The court ruled that as the evidence supported the allegations it could not be excluded, remarking, "If the declaration contains something that ought not to be alleged, that is not the way to reach it."   We infer from this that the facts to which this evidence was directed were recited in some count of the complaint.

[8-10]   The theory on which this line of evidence was admitted is untenable.   It is the well-settled general rule that evidence outside the issues made by the pleadings is inadmissible. *Seaver* v. *Lang*, 92 Vt. 501, 512, 104 Atl. 877; *Nichols* v. *Lane*, 93 Vt. 87, 91, 106 Atl. 592; *Howard National Bank* v. *Wilson*, 96 Vt. 438, 120 Atl. 989.   But a party cannot allege impertinent matter in his pleading, and thereby lay the foundation for the admission of evidence otherwise irrelevant and inadmissible. The Practice Act has not changed the rule in this regard.   The provision that the complaint shall set forth the facts relied upon for relief, or that the answer shall contain a statement of the facts relied upon in defense, necessarily implies facts that are material to the relief demanded or the defense relied upon.   This is manifest from the provision that certain objections, including impertinence in the pleading, shall be ground for a motion to expunge or otherwise correct the fault.   G. L. 1793.   Nor does a party waive the right to object to irrelevant evidence by failure

to ask that the impertinent matter be stricken out. The plaintiff was not required to prove more than was necessary to his recovery, although more was alleged. *Bosworth* v. *Bancroft,* 74 Vt. 451, 52 Atl. 1050; *Snyder* v. *Parmalee,* 80 Vt. 496, 68 Atl. 649. On the other hand, a plaintiff cannot prove every fact he sees fit to allege. The facts which he has a right to prove must be pertinent to the merits of the claim attempted to be set up; and if the complaint contains impertinent and immaterial allegations, it is the duty of the trial court to reject evidence in support of such allegations as tending to mislead the jury and taking up the time of the court for no valuable purpose. *Drew* v. *Chamberlin,* 19 Vt. 573; *Adams* v. *Way,* 32 Conn. 160, 168; *Coe* v. *Kutinsky,* 82 Conn. 685, 74 Atl. 1065; *White* v. *Spencer,* 14 N. Y. 247, 251; *Corning* v. *Corning,* 6 N. Y. 97; *Powell* v. *Davis,* 19 Tex. 380; *Bradley* v. *Onstott,* 180 Ind. 687, 103 N. E. 798; *Emerson, etc. Co.* v. *Growe* (Ind. Sup.), 133 N. E. 919; *Givens* v. *North Augusta Electric, etc. Co.* 91 (S. C.) 417, 74 S. E. 1067; 22 C. J. 161; 31 Cyc. 684. It was said in *Drew* v. *Chamberlin, supra,* respecting the claim that certain evidence was admissible because it tended to support the allegations, that there was no doubt as to the general soundness of the proposition when properly applied and understood, but that it was very liable to misconstruction; that it is never understood in such a sense as to require that every immaterial circumstance which may happen to be embraced in the issue shall be open to proof; that evidence adapted to prove the material and substantial part of the issue is admissible, although the pleading of the party offering it may be defective.

[11] The objection to the evidence on the ground that the complaint did not charge actionable fraud was not well taken. By going to trial on the facts alleged the defendant waived for the time being the question of their sufficiency in law. On an issue to the jury, the question to be tried is whether the material facts alleged are true, and not whether they are legally sufficient to sustain the action or defense. The latter question can be raised at the proper time by an appropriate motion, but not by an objection to the evidence. The truth of the facts alleged and the legal sufficiency of these facts are distinct grounds of defense and should not be mingled or confounded. *Adams* v. *Way, supra.* See *Wilson Bros. Garage* v. *Larrow,* 90 Vt. 413, 415, 98 Atl. 902, and cases there cited.

Much if not all of the evidence objected to was impertinent to any right of action on which the plaintiff sought to recover and should have been excluded on the defendant's objection. It remains to consider whether the error was rendered harmless by the action of the court in submitting the case to the jury. As already seen, the counts containing the impertinent allegations were withdrawn from the consideration of the jury. They were instructed that the action was for breach of warranty; that, although there was a great deal of evidence in the case respecting three counts, they were only concerned with one, and only concerned with one thing about that, to which they should confine their attention. The only question submitted respecting liability was whether the automobile in question was as warranted when delivered to the plaintiff. In summing up the question of liability the court said: "The preliminary negotiations which resulted in the sale of the last car are simply preliminary negotiations, and it is the condition of the last car when it was delivered that you are to determine. You are not to lose sight of any evidence respecting things that went before or respecting things that happened afterwards, but you are to use it all and use it properly and grade it rightly. If you find that the automobile was as warranted, no matter what it was worth or what it cost or anything else, the case is completely answered and your verdict should be for the defendant. If you find that there was a failure in the car to comply with the terms of the warranty, then you will determine what damage by reason of that plaintiff has suffered." The defendant did not ask that the jury be instructed to disregard the evidence objected to and did not except to the charge respecting the use the jury were permitted to make of it.

[12-16]   It is urged that the error in receiving the evidence was cured by the withdrawal of the counts under which it was admitted. The rule is that where a complaint consists of several counts the admission of evidence properly received only under counts that are subsequently disregarded is not rendered erroneous by the fact that it was inadmissible under the count upon which the case was finally submitted to the jury. *Griffin* v. *Boston & Maine Railroad*, 87 Vt. 278, 289, 89 Atl. 220. In other words, the trial court cannot be put in error for the admission of legal testimony within the issues made by some of the counts in the complaint, though not within the issues made by other

counts, by subsequently withdrawing those counts as to which only the evidence in question was admissible. *Birmingham Ry., etc. Co.* v. *Morris*, 163 Ala. 190, 50 So. 198. But this implies that the evidence was properly received when admitted, while the evidence in question came into the case without any such justification. The rule with us is that error in the admission of evidence cannot be cured by instructing the jury to disregard it. Where the trial is by jury it is regarded as futile to undertake to erase the impression which the evidence has created. *Smith* v. *Martin*, 93 Vt. 111, 128, 106 Atl. 666. On the other hand, it is held that the erroneous admission of evidence on a certain issue is rendered harmless by wholly withdrawing that issue from the consideration of the jury. *DeNottbeck* v. *Chapman*, 93 Vt. 378, 108 Atl. 338. This is upon the theory that in the circumstances prejudice is not made to appear. See *Squires* v. *O'Connell*, 91 Vt. 35, 99 Atl. 268; *Goodall* v. *Drew*, 85 Vt. 408, 82 Atl. 680. The test is whether in the circumstances of the particular case it sufficiently appears that the error has injuriously affected the rights of the complaining party. See *Roben* v. *Ryegate Lt. & Pr. Co.*, 91 Vt. 402, 100 Atl. 768; *Goodall* v. *Drew, supra; Townshend* v. *Townshend*, 84 Vt. 315, 79 Atl. 388. In the instant case the action taken did not withdraw the offending evidence from the jury's consideration even by implication. On the contrary, it was expressly called to the attention of the jury and they were in effect told to make use of it, though cautioned to "use it properly and grade it rightly." In the circumstances we are not at liberty to infer that the evidence did not influence the verdict, and being of so prejudicial a character we cannot escape the conclusion that the defendant was harmed thereby. In the circumstances the exceptions to the admission of the evidence were not waived by failure to except to the charge. See *Squires* v. *O'Connell, supra.*

*Reversed and remanded.*