H. A. YANDOW ET AL. *v.* NEW AMSTERDAM CASUALTY CO.

May Term, 1928.

Present:   WATSON, C. J., POWERS, MOULTON, and CHASE, JJ., and
THOMPSON, Supr. J.

Opinion filed October 3, 1928.

*George L. Hunt* and *H. A. Bailey* for the plaintiffs.

*Lawrence, Stafford and Bloomer* for the defendant.

CHASE, J. The plaintiffs brought this suit to recover the damages they claim to have sustained through the negligence of certain attorneys employed by the defendant to defend a suit at law brought against them by one Tucker. That suit grew out of an automobile accident which came within the coverage of a policy of insurance the defendant had issued to the plaintiffs. By its terms the defendant was bound to defend the suit and pay any judgment obtained within the limits of its policy. A first trial of the Tucker suit resulted in a verdict for the plaintiff well within the policy limits. On motion, based on the ground that it was inadequate, this verdict was set aside and the attorneys alleged to have been negligent failed to take timely and effective steps to have that ruling reviewed here. At a second trial which followed in due course, the plaintiff secured a verdict and judgment greatly in excess of the defendant's liability as insurer. These plaintiffs have had to pay this excess and allege such payment as the injurious effect to them of the negligence of which they complain.

The declaration contained two counts. The first set forth the claim of negligence in failing to secure a review of the first trial; the second put in issue a charge of negligence respecting an offer of settlement of the case. Issue was joined on both counts.

At the close of the plaintiffs' evidence, the defendant moved for a directed verdict. The motion was granted as to the first count and that part of the case was withdrawn from further consideration by the jury. But the motion so far as the second count was concerned was denied, and the trial proceeded on that count alone, with the result that the jury did not agree. The issues therein presented were not, and never have been, decided in the county court. Before the jury was discharged, however, a special verdict for the defendant, based on the first count alone, was, under the direction of the court, signed by the foreman. This verdict was received, and, on

motion of the defendant, judgment was rendered thereon, although there was a count in the declaration on which the plaintiffs were still entitled to a trial by jury. To all of which the plaintiffs were allowed exceptions. On a bill of exceptions showing these and others the cause was passed to this Court.

We are aware that in some jurisdictions a verdict is directed on a count, or counts, not sustained by the evidence, even though there are one or more other counts in the declaration which contain allegations that have been proved to the extent that the case is submitted to the jury as to them. 38 Cyc. 1581. The same result may be accomplished, however, by withdrawing the count, or counts, not sustained from consideration by the jury. The latter course has in its favor at least the fact that it precludes the possibility of the rendition of a premature judgment on a directed verdict. Indeed, it would seem from what is said in *Lewis* v. *Crane & Sons,* 78 Vt. 216, 62 Atl. 60, and *Berkley* v. *Burlington Cadillac Co., Inc.,* 97 Vt. 260, 122 Atl. 665, that a verdict is never to be directed for a defendant if the declaration contains a good count and there is evidence to support it. Certainly no judgment can be rendered against the plaintiff under such circumstances. Yet if the court was right in ruling that the allegations of the first count were not proved, we are not so much concerned with just how it so ruled as we are with what followed. The real trouble is that the judgment for the defendant was premature. There were, and still are, unsettled issues of fact to be determined. The plaintiffs' right to a new trial on the second count is not, and cannot be, questioned. This means that the plaintiffs are entitled to a new trial in this case, for there was only one declaration and there is only one case. All of the other questions presented for review relate in one way or another to the evidence offered, introduced, or excluded in a trial which ended virtually in a stalemate and decided nothing. Any attempt to review these exceptions would be futile.

*Judgment reversed, and cause remanded.*