CASE 80—ACTION FOR INJURIES CAUSING DEATH—OCTOBER 28.

## Chesapeake & Ohio R. R. Co. v. Dixon's Administratrix.

APPEAL FROM BOYD CIRCUIT COURT.

1. REMOVAL TO FEDERAL COURT—JOINT TORT-FEASORS.—In an action against a railway company for negligence causing death, the engineer and fireman of the train causing the injury who are charged with being guilty of the negligence causing the injury are properly joined as joint tort-feasors with the railway company; and where the individual defendants are citizens of the same State as the plaintiff a petition for removal by the non-resident railroad company into the United States Circuit Court is properly denied.

2. INJURY CAUSING DEATH—EXCESSIVE DAMAGES.—In an action for injury causing death a verdict for $10,000 can not be said to be so excessive as to indicate passion or prejudice on the part of the jury.

3. NEGLIGENCE—EVIDENCE—NO FLAGMAN AT CROSSING WHERE ACCIDENT OCCURRED.—The trial court did not err to the prejudice of appellant in admitting evidence that there was no flagman at the crossing where the accident occurred.   The rule confining a recovery to the particular acts of negligence charged does not render such evidence incompetent when no specific acts of negligence are alleged in the petition.

WADSWORTH & COCHRAN FOR APPELLEE.

1. The trial court should have transferred the case to the United States Circuit Court.   Warax v. Cin. &c. R. R. Co., 72 Fed. R., 637; Hukill v. Maysville & Big Sandy R. R. Co., 72 Fed. R., 745.

Chesapeake & Ohio R. R. Co. v. Dixon's Admx.

2. It was error to admit evidence of plaintiff's witness that there was no flagman at the crossing where Dixon was injured.

3. It was error to overrule defendant's motion for a peremptory instruction. Cahill v. Cin. &c. R. R. Co., 92 Ky., 345.

4. The trial court erred in defining the measure of damages. The jury should have been limited to the value of the power of the decedent to earn money. Ky. Cent. R. R. v. Gastineau, 83 Ky., 119.

5. The verdict was excessive.

W. H. WADSWORTH IN SEPARATE BRIEF FOR APPELLANT.

1. The trial court erred in refusing to enter an order of removal of this action as to the Chesapeake & Ohio R. R. Co., to the United States Circuit Court for the district of Kentucky. The master could not be joined with the servants as joint tort-feasor for injuries inflicted by the servant's negligence without the presence of the master and without the master's express direction. Warax v. C., N. O. & T. P. R. R., 72 Fed. R., 637; Hukill v. M. & B. S. R. R. Co., 72 Fed. R., 745.

2. It was error to permit John Montague to testify that the railroad company kept no flagman at the crossing where the accident happened and had no safety gate there. The petition is specific as to the negligence complained of, to-wit: That the intestate was run over and killed by the negligence of the engineer and fireman in operating the train. The pleader having been thus specific, is confined to the negligence as he alleged it. Bogenschutz v. Smith, 84 Ky., 330; Belt Electric Line Co v. Tomlin, 40 S. W. R., 926; Missouri Pac. R. R. Co. v. Henney, 12 S. W. R., 610; Galveston, &c., R. R. Co. v. Herrin, 36 S. W. R., 130; Fergason v. Chicago, &c. Ry. Co., 63 Fed. R., 177.

3. The court erred in refusing to give a peremptory instruction to find for the defendant, because the evidence showed contributory negligence of the plaintiff. Favre v. L. & N. R. R. Co., 91 Ky., 541; Cahill v. Cincinnati, &c. R. R. Co., 92 Ky., 345.

4. The court erred in giving instruction number one, defining the joint liability of the defendants.

5. The court erred also in instruction number four, in defining the measure of damages. Ky. Central R. R. Co. v. Gastineau's Admr., 83 Ky., 119.

6. The court erred in not granting to the defendants a new trial, (1st), because the finding of damages was excessive, and (2d), up-

[ 39 ]

on the ground that the verdict was flagrantly against the weight of the evidence.

J. A. SCOTT FOR APPELLEE. (JOHN F. HAGER AND R. S. DINKLE OF COUNSEL.)

1. It was not the duty of plaintiff's decedent to stop, look and listen before crossing the railroad track. Ramsey v. Louisville, &c Ry. Co., 89 Ky., 99; Wright v. Cincinnati, &c. Ry. Co., 94 Ky., 114; P., C. C. & St. L. R. R. Co. v. Lewis, 18 Ky Law Rep., 957; Cahill v. Cincinnati, &c., Ry. Co., 92 Ky., 345; L. & N. R. R. Co. v. Schick, 94 Ky., 191.

2. It was not error to admit the evidence that the company had no flagman at the crossing where the accident occurred. No instruction was given upon that point. N. N. & M. V. Co. v. Stuart's Admr.; 18 Ky. Law Rep., 347; L. & N. R. R. Co. v. Hackman, 17 Ky. Law Rep., 81.

3. Where a crossing is so notoriously and publicly used that a reasonably prudent person would anticipate the presence of passers upon or near the track at any time, their presence must be anticipated by those in charge of the train. Cahill v. Chicago M. & St. P. Ry. Co., 74 Fed. Rep., 285; Ry. Co. v. Ives, 144 U. S., 408.

4. Where a crossing is in or near a city or town and is much used by the public and the view thereof is obstructed, something more than the ringing of the bell or the blowing of the whistle is required of the company to guard against accident, such as a gate or watchman. To approach such a crossing where there is no gate or watchman at a high rate of speed is willful negligence and it is proper for the court so to instruct the jury.

5. The court properly refused to order a transfer of this case to the Federal Court. Civ. Code, sec. 83; Ky. Stats., 12; Alexander v. Humber, 86 Ky., 565; Central Passenger Ry. Co. v. Kuhn, 86 Ky., 578; Pugh v. C. & O. Ry. Co., 19 Ky. Law Rep., 149.

6. The plaintiff's decedent was not guilty of contributory negligence.

7. On the measure of compensation. Ky. Central Ry. Co. v. Gastineau's Admr., 83 Ky., 119; C. & O. Ry. Co. v. Lang's Admr., 19 Ky. Law Rep., 65; L. & N. R. R. Co. v. Milet's Admr., 20 Ky. Law Rep., 532.

(See pages 5 and 6 for brief.)

Chesapeake & Ohio R. R. Co. v. Dixon's Admx.

WADSWORTH & COCHRAN for the appellant in a petition for a rehearing made the following additional citations: Graham & Waterman on New Trials, vol. 3, pp. 1133, 1143, 1153, 1167; L. & N. R. R. Co. v. Fox, 11 Bush, 495; Hartshorn v. Railroad Co., 77 Fed. R., 9; Deere, Wells & Co. v. Chicago, &c. Co., 85 Fed. Rep., 876.

J. A. SCOTT FOR APPELLEE IN RESPONSE TO A PETITION FOR A REHEARING.

1. The Gastineau case cited by counsel is not similar to the case at bar. In that case the judgment below was reversed, (a), because the court told the jury that if the company was guilty of wilful neglect they ought to find punitive damages; (b), the definition of willful neglect given on the trial in that case was misleading; and (c), that the decedent was a trespasser.

2. Under a general allegation of negligence the plaintiff could recover for any degree of negligence. East Tenn. Tel. Co. v. Sim's Admr., 20 Ky. Law Rep., 1330.

(This case was taken by the appellant, the Chesapeake & Ohio R. R. Co., to the Supreme Court of the United States on a writ of error and on the 19th day of November, 1900, that court affirmed the judgment of the Court of Appeals, 179 U. S., 131.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

This action was brought by Lucy Dixon, administratrix of Alexander Dixon, against the Chesapeake & Ohio Railway Company, owner, and R. H. Chalkey and William Sidles, engineer and fireman, of a railroad train, by collision with which plaintiff's intestate was killed. The killing occurred on the crossing of the Chesapeake & Ohio Railroad, leading from Catlettsburg to Ashland, by a turnpike road extending from one to the other of the two cities, and being the only public highway from Catlettsburg to Ashland. The place of said crossing is within the corporate limits of Catlettsburg, and very much used by persons in vehicles and on foot; the proof showing that as many as

five hundred or more persons cross there each day. Parallel to, and about eight feet from, the Chesapeake & Ohio Railroad track, is the track of the Ohio & Big Sandy Railroad, likewise crossed by the same highway. The evidence shows that at the time of the occurrence the deceased, Alexander Dixon, who was about seventy years of age, was going on foot from Catlettsburg, westward, to his home, near Ashland. The train which killed him (being a passenger train) was going in the same direction. According to the evidence of eye-witnesses, he had crossed the track of the Ohio & Big Sandy Railroad, and was near to, and about to or had put his foot upon, the track of the Chesapeake & Ohio Railroad, when, his attention being apparently attracted, he looked up the track towards Catlettsburg; but seeing nothing, nor being able to see any object on the track at a greater distance than six hundred or seven hundred feet, on account of a curve in the track and intervening houses, he turned and looked westward along the track, about which time he was struck by the train. The train, which was fifteen minutes late, was running, according to the testimony of the engineer, fifteen to twenty miles, and, according to the testimony of others, between thirty and forty miles, per hour. He was struck with such force as to knock his body eight or ten feet in the air, and drive it bounding seventy-three feet, measured. According to the testimony of the engineer, when he first discovered him, Dixon was between the tracks of the Chesapeake & Ohio Railroad and the Ohio & Big Sandy Railroad; that he immediately gave the alarm signal, by short, sharp blasts of the whistle, and put the air brake on, and immediately Dixon looked in the direction of the approaching train, whereupon he released the air brakes, supposing Dixon would get out of danger. But other wit-

nesses testify that the air brake was not put on until after Dixon was struck.   The engineer. and trainmen testified that a signal, by blowing the whistle, ·of the approach of the train to the crossing was made at the usual place, and they were corroborated by others not connected with the train; while others, who were near to the whistling post, and whose attention was given to the passing train, testify that there was no whistle until the train had approached very near to the crossing, when there were several short, sharp blasts of the whistle, in quick succession.   There is evidence tending to show, and from which the jury could reasonably find, that those in charge of the train were guilty of negligence in two respects: First, in failing to give proper signal of the approach to the crossing; second, considering that the crossing was within the limits of a city, the fact of the number of people usually crossing at that place in vehicles and on foot, and the short distance the track could be seen therefrom looking eastward, it was a high degree of negligence to move the train, when near the crossing, at even the rate of speed admitted by the engineer it was moving.

We will now consider the various grounds relied on by appellant for reversing the judgment: .

It is contended that the verdict, which was $10,000, is excessive; and in that connection instruction No. 4 is objected to, being as follows: "If the jury find for the plaintiff, they shall assess such damages as will, in the opinion of the jury, reasonably compensate plaintiff for the loss sustained by the death of plaintiff's intestate, not exceeding $30,000; and, in fixing the amount of such compensation, the jury may take into consideration the power of the deceased to earn money."   This court has not heretofore considered itself authorized to interfere with the

verdicts of juries on account of excessive damages assess-
ed, unless they appear to have been given under the influ-
ence of passion or prejudice; and, compared with other
cases that have been heretofore passed on by this court,
we cannot say the assessment in this case was excessive.
The instruction complained of, in our opinion, did not,
nor could it, mislead or prejudice the jury; nor, as urged
by counsel, is it liable to the same objection made to an
instruction in the case of Kentucky Central Railroad Co.
v. Gastineau, 83 Ky. 123.

The court did not err to the prejudice of appellant in
permitting evidence to go to the jury that there was no
flagman at the crossing where the accident occurred; for
though that crossing is, according to the evidence, such
a one as to require a flagman, the jury was not instructed
in regard thereto. The argument of counsel that the evi-
dence was, according to the rule confining a recovery to
the particular acts of negligence charged, incompetent, is,
not well founded, because there are no specific acts of neg·
ligence charged in the petition of appellee.

The main ground for reversal is the refusal of the lower
court to sustain the petition of appellant the Chesapeake
& Ohio Railroad Company for a transfer of this case to
the United States court for the district of Kentucky. The
ground upon which the transfer was sought, as alleged
in the petition asking it, is that the action is wholly be-
tween citizens of different states; the Chesapeake & 
Ohio Railroad Company being a corporation created un-
der the laws of the state of Virginia, and a citizen thereof,
while appellee, Lucy Dixon, is and was a citizen of the
state of Kentucky. As appellants Chalkey and Sidles
were, when this action was commenced, citizens of Ken-
tucky, the Boyd circuit court had jurisdiction of the per-

sons of all the defendants, as well as of the subject of the action, if the defendants were jointly guilty of the negligence alleged to have been the cause of the death of Alexander Dixon, and jointly liable therefor. It is alleged by appellee in her petition, and, so far from the contrary being shown by appellant the Chesapeake & Ohio Railroad Company, is clearly proved by the evidence in this case, that appellants Chalkey and Sidles, as engineer and fireman of said train, were guilty of the negligence causing said death, and that the Chesapeake & Ohio Railroad Company, through its said employes, was also guilty of said negligence; and therefore they were jointly liable for the destruction of the life of said Dixon, caused thereby. It is not material that, as alleged in the petition for a transfer of this case, Chalkey and Sidles were made parties defendant for the single purpose of preventing the removal of the case by the Chesapeake & Ohio Railroad Company to the circuit court of the United States for the district of Kentucky, or what may have been the motive of the plaintiff for bringing a joint action, unless they were wrongfully and illegally joined; and such is the doctrine as settled by the supreme court of the United States. As, therefore, appellant the Chesapeake & Ohio Railroad Company neither sufficiently alleged nor attempted to prove that the defendants were wrongfully joined as such, the lower court properly refused to make the transfer.

Judgment affirmed.