R. L. STRINGFELLOW AND L. A. MITCHELL, CO-PARTNERS AS L. A. MITCHELL MOTOR COMPANY, *Plaintiffs in Error,* v. AJAX-GRIEB RUBBER COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed March 31, 1914.

Rehearing Denied April 22, 1914.

1.  Where a writ of error is duly taken to a final judgment entered by the clerk consequent upon a default entered by the

clerk, any material errors in the proceedings that reasonably could do injustice to the plaintiff in error may be cause for reversing the judgment.

2. Where service of summons *ad res* is had upon only one of two defendants, and the praecipe for default asks for a default "against the defendant," it is material error for the clerk to enter a default against the "defendant," without stating which one.

3. Where service of summons *ad res* is had upon two defendants, and the praecipe for default asks for a default "against the defendant," it is material error for the clerk to enter a default against the "defendants."

Writ of Error to Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment reversed.

*Cockrell & Cockrell* and *A. H. & Roswell King,* for Plaintiffs in Error;

*Marks, Marks & Holt,* for Defendant in Error.

WHITFIELD, J.—The declaration herein contains only common counts in assumpsit. A summons was served on the defendant, L. A. Mitchell, on July 24th, 1913, and alias summons was served on the defendant R. L. Stringfellow on August 14th, 1913. On August 4th, 1913, a praecipe for the entry of a default was filed in the following words:

"In the Circuit Court of Duval County, State of Florida. Ajax-Grieb Rubber Company, a Corporation, v. R. L. Stringfellow and L. A. Mitchell, Co-partners trading

as L. A. Mitchell Motor Company. Assumpsit Damages $4,000.00.

The Clerk of the Circuit Court of Duval County, State of Florida, will please enter default against the defendant in the above entitled cause, on the rule day in August, A. D. 1913, for failure to appear."

On the same day a default was entered in the "Default Docket" as follows:

"The Ajax-Grieb Rubber Company, a Corporation, v. R. L. Stringfellow and L. A. Mitchell, Co-partners as L. A. Mitchell Motor Company. Default.

It appearing that the defendants herein have been duly served according to law, and said defendants having failed to appear on or before this the rule day as required, now on motion of complainant by its attorney a default is hereby entered against the said defendant for want of appearance herein."

On September 1, 1913, a praecipe for the entry of a default was filed as follows:

"In the Circuit Court of Duval County, State of Florida. Ajax-Grieb Rubber Company, a Corporation, v. R. L. Stringfellow and L. A. Mitchell, Co-partners trading as L. A. Mitchell Motor Company, Assumpsit Damages $4,000.00.

The Clerk of the Circuit Court of Duval County, State of Florida, will please enter default against the defendant in the above entitled cause, on the rule day in September, A. D. 1913, for failure to appear."

On the same day the following default entry was made in the "Default Docket:"

"Ajax-Frieb Rubber Co. v. R. L. Stringfellow and L. A. Mitchell, Co-partners as L. A. Mitchell Motor Co.

It appearing that the defendants herein have been duly served according to law and said defendant having failed to appear on or before this the rule day as required now on motion of plaintiff by its attorney, a default is hereby entered against said defendants for want of appearance herein."

On September 12, 1913, a final judgment was entered by the clerk against both defendants. A writ of error was by the defendants duly taken to the final judgment. Among the errors assigned are several that the defaults entered and the final judgment entered thereon are erroneous and unlawful.

The proceedings by which the clerk may enter defaults and final judgments consequent upon the defaults, should be certain and unambiguous; every act of the Clerk should be in strict compliance with the statute under which it is taken.

Where a writ of error is duly taken to a final judgment entered by the Clerk consequent upon the default entered by the Clerk, any material errors in the proceedings that reasonably could do injustice to the plaintiff in error may be cause for reversing the judgment.

The default entered on August 4th, was not authorized by law as to R. L. Stringfellow who had not then been served with summons in the cause. The defendant L. A. Mitchell had been served with summons; but as the praecipe asks for a default "against the defendant," and the default entry is "against the said defendant," without any indication as to which of the two defendants named in the caption is referred to, the entry is vague, indefinite and erroneous as to L. A. Mitchell. The praecipe dated September 1, 1913, asks for a default "against the defendant," while the default is "entered against said defendants" in a cause entitled "Ajax-Frieb Rubber

Co. v. R. L. Stringfellow. and L. A. Mitchell, Co-Partners as L. A. Mitchell Motor Co." When this default was entered service had been made on both defendants, but the praecipe asked for a default only "against the defendant" without stating which one of the two; and the default entry is erroneously entitled. Under these circumstances this entry of default made by the Clerk must also be held to be erroneous and improper as a basis for a final judgment to be entered not by the court, but by the Clerk. The errors shown being material and apparently harmful to substantial rights of the defendants, a reversal of the judgment should follow.

It appears that the final judgment entered by the clerk in the "Default .Docket" under the statute is not tested and signed by the Clerk as proper practice would seem to require.

The judgment is reversed and the cause is remanded for proper proceedings on the declaration filed in the cause.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.