FRANK R. HARRISON *v.* THE STATE.

(*Knoxville.* September Term, 1916.)

**STATUTES.    Title and subject.    Constitutional provisions.**

Acts 1909, chapter 202, entitled an act to make it unlawful for any person to draw a check upon any other person, etc., where the drawer of such check has not had an account or credit with the person, etc., upon whom it is drawn, within sixty days from the date it is drawn, and in the body thereof making that a misdemeanor, and also making it a misdemeanor for any person to draw such check knowing that there are no funds to meet it, and that it will not be honored, only one of which subjects is indicated in the title, is unconstitutional as violative of Constitution, article 2, section 17.

Acts cited and construed:   Acts 1909, ch. 202.

Case cited and approved:   State v. Cumberland Club, 188 S. W., 583.

Constitution cited and construed:   Art. 2, sec. 17.

FROM LOUDON.

Error to the Circuit Court of Loudon County.—S. C. BROWN, Judge.

FRANK R. HARRISON, for plaintiff in error.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

Mr. Justice Green delivered the opinion of the Court.

The plaintiff in error was indicted and convicted, under chapter 202, of the Acts of 1909, making it unlawful for any person to draw a check upon a bank, where the drawer had not had an account within sixty days from the date of the check.

The so-called "Bad Check Law" of 1915 is not involved in this case. That law was enacted May 15, 1915, and the offense here charged was committed a month prior thereto.

It is conceded by the attorney-general that the plaintiff in error was not guilty of any fraud or bad faith, in the transaction for which he has been indicted and convicted, under the act of 1909. That act is as follows:

An act to be entitled "An act to make it unlawful for any person, firm, or corporation to draw a check upon any other person, firm, corporation where the drawer of such check has not had an account or credit with the person, firm, or corporation upon whom such check is drawn within a period of sixty days from the date of the drawing of such check."

Section 1. Be it enacted by the general-assembly of the State of Tennessee, that it is hereby declared to be unlawful for any person, firm, or corporation to draw any check upon any other person, firm, or corporation where the drawer of such check has not had an account or credit with the person, firm, or corpora-

tion upon whom such check is drawn within a period of sixty days from the date of the drawing of such check; and for any person drawing any check upon any person, firm or corporation knowing that there are not funds to meet the same and that the same will not be honored.

Sec. 2. Be it further enacted, that any person, firm, or corporation drawing a check upon any other person, firm, or corporation in violation of section 1 of this act, and the check is not paid by the bank or person on whom it is drawn, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than one hundred dollars ($100) nor more than two hundred and fifty dollars ($250) and imprisoned for a period of not less than sixty days nor more than ninety days.

Sec. 3. Be it further enacted, that this act take effect from and after its passage, the public welfare requiring it.

Passed April 20, 1909.

There is much controversy as to whether this statute applies to such a case as we have before us. We do not find it necessary to determine this question, inasmuch as the act is plainly unconstitutional.

In the brief of the attorney-general, it is said that two offenses are created by chapter 202, of the Acts of 1909: First, it is made a misdemeanor to issue a check on a person, firm, or corporation with whom the drawer has not had an account or credit for a period of sixty days prior to the date of the drawing of said

check; second, it is made a misdemeanor for any person to draw such a check knowing that there are no funds to meet the same, and that the same will not be honored.

Obviously, this is a correct analysis of the body of the statute.

Looking to the caption, we find that it includes only the one offense, to wit, the drawing of the check upon a bank where the drawer has had no credit within sixty days.   The prohibition against the drawing of a check knowing that there are no funds to meet the same, and that the check will not be honored, is entirely without scope of this caption.

The act of 1909 contains two subjects, only, one of which is indicated by the title, in violation of section 17, art. 2, of the Constitution of Tennessee.

This constitutional requirement has been again elaborately considered at the present term and our cases all reviewed in *State* v. *Cumberland Club,* 9 Thompson (136 Tenn.), 84, 188 S. W., 583.   Further discussion here would be superfluous.

The judgment of the trial court must accordingly be reversed and the case dismissed.