GRACE M. BURNETT *v.* FRANK A. LARROW AND HARRY
WHITTAKER.

November Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed January 19, 1917.

*Practice Act—Misjoinder of Parties Plaintiff—How Question
May be Raised—Motions to Dismiss and for Non-suit—Mo-
tion for Election.*

The Practice Act, (No. 90, Acts 1915, § 9), which provides that no
action shall be defeated on account of non-joinder or misjoinder
of parties, but that the fault, if pointed out, shall be corrected under
the direction of the court, does not cast upon the court the burden
of perfecting the process independent of the action of counsel.

In an action of tort, brought against an employer and his employee,
jointly, to recover for injuries alleged to have been caused by
the negligence of the latter, the question of misjoinder of parties
plaintiff is not presented in Supreme Court, upon exceptions to the
overruling of defendants' motions for a verdict, to dismiss and for
a nonsuit, based upon the alleged misjoinder.

In such case, the defendants can save the question of misjoinder by
moving that plaintiff be required to elect which defendant will
be proceeded against.

ACTION OF TORT, to recover damages for injuries received
by plaintiff's automobile, as the result of a collision with an
automobile owned by defendant Larrow, and driven by defend-
ant Whittaker, his employee. Plea, the general issue. Trial by
jury at the April Term, 1916, Windham County, *Miles, J.,* pre-
siding. Verdict and judgment for plaintiff. Defendant ex-
cepted. The opinion fully states the case.

*Harold E. Whitney* and *Hermon E. Eddy* for defendants.

*Robert C. Bacon* for plaintiff.

Munson, C. J.   This is an action of tort, in which the plaintiff seeks to recover damages for injuries received by her automobile in a collision had with an automobile owned by defendant Larrow and driven by defendant Whittaker, his employee.   Larrow was not present at the time of the accident, nor when the car was hired and taken from his garage, but Whittaker had authority to let the car and act as its chauffeur.   The case was tried by jury, and the plaintiff had a verdict and judgment thereon.   The only question argued by the defendants is whether master and servant can be joined in a tort action where the liability of the master rests solely upon the doctrine of *respondeat superior*.   The plaintiff claims that this question is not available to the defendants because not properly raised on the trial.

At the close of .the evidence, the defendants moved that a verdict be directed in their favor, and also moved that the plaintiff be non-suited, and moved further that the case be dismissed. These motions were all put upon the ground that the action could not be maintained against the defendants jointly because the only liability of Larrow was that arising from the doctrine of *respondeat superior*.   Exceptions to the overruling of the motions were severally allowed.   The defendants claim that the question was also saved by their motions to set aside the verdict and that judgment be entered for the defendants.   The exceptions refer to the transcript of the testimony, and the pleadings, exhibits and depositions, as constituting the bill of exceptions pursuant to section 2 of County Court Rule 31.   Defendants' motions to set aside the verdict and for judgment, based on the same ground as those made at the close of the evidence, are on file, and the plaintiff makes no question as to their being properly before the court.

The plaintiff separates the motion to set aside the verdict from the other motions of the defendants by saying that it is not available to reach a misjoinder of parties.   The claim that none of the other motions was available for this purpose is based on the provision of section 9 of No. 90 of the Acts of 1915, known as the Practice Act, which declares that no action shall be defeated on account of the non-joinder or misjoinder of parties. It is said that if any one of these several motions had been sustained it would have ·defeated the action in contravention of the act.   But the same section provides that the fault, if pointed

out, shall be corrected under the direction of the court. These motions specifically pointed out the claimed defect, and if the court considered it such, it could of its own motion have ordered it corrected, leaving the question to be raised by an exception by the plaintiff. But the statute does not cast upon the court the burden of perfecting the process independent of the action of counsel. The course taken by the court in overruling these motions cannot be taken as a ruling that there was no misjoinder, for if they were to be passed upon the statute required that they be overruled. The defendants could have saved the question by moving that the plaintiff be required to elect which defendant she would proceed against. See *Wilson Bros. Garage* v. *Larrow*, 90 Vt. 413, 98 Atl. 902. The exceptions taken cannot avail the defendants. So the question of misjoinder is not presented by the case as made up.

*Judgment affirmed.*