M. D. WEAVER AND WESLEY WELLS, *Plaintiffs in Error*, v. LOTTIE HALE AND HER HUSBAND, J. N. HALE, *Defendants in Error.*

Opinion Filed July 1, 1921.

Petition for Rehearing Denied July 30, 1921.

1. Where under the principle of *respondeat superior* an employer is liable in damages for the negligence of an employee that proximately injures another, an action for damages may be maintained against both the employer and the employee, whether the employer participated directly in the negligent injury or not.

2. Where each of two defendants is in default, an entry of default by the clerk against the "defendant," does not render erroneous subsequent proceedings duly taken by the Court where both defendants were by the Court expressly held in default upon their own admission.

3. Questions that were in effect waived or rendered immaterial by defaults or by appropriate evidence on a sufficient declaration will not be discussed by the appellate court.

A Writ of Error to the Circuit Court for Pinellas County; O. K. Reeves, Judge.

Judgment affirmed.

*S. S. Sandford* and *H. S. Hampton,* for Plaintiffs in Error;

*M. A. McMullen,* for Defendants in Error.

WHITFIELD, J.—The declaration filed December 3rd, 1917, alleges that "the defendants, M. D. Weaver, was en-

gaged in dealing and selling wood to the public in the City of St. Petersburg, Pinellas County, Florida, and owned and used a certain automobile truck for the delivery of said wood in said city; and Wesley Wells was engaged and employed by the said M. D. Weaver, in driving, running and operating said automobile truck for the delivery of said wood in said city; and while said automobile truck was being driven, run and operated by the said Wesley Wells, for the said M. D. Weaver, upon the public streets of said city, and while said automobile truck was being driven, run and operated by the said Wesley Wells, for the said M. D. Weaver, at the intersection of Fifth street North and Lake street in said city, and while the plaintiff, Lottie Hale, was then and there rightfully and lawfully walking across said Lake Street with all due care, caution and diligence for her own safety, the said Wesley Wells, who was then and there driving, running and operating said automobile truck for the said M. D. Weaver, negligently and carelessly with great force and violence, drove and ran said automobile truck against and upon and over the plaintiff, Lottie Hale,'' injuring her, etc.

An appearance was entered for the two defendants on December 3, 1917.

On February 4th, 1918, the following praecipe for a default was filed.

Lottie Hale and her husband J. N. Hale, Plaintiffs,

vs.

M. D. Weaver and Wesley Wells, Defendants.

In this cause the defendants M. D. Weaver and Wesley Wells having failed to plead or demur on or before this the Rule Day in February, to-wit: Feb. 4th, 1918, on motion of plaintiffs by their attorney W. Murray Jones the

clerk will please enter default in cause stated, against the said defendant for want of plea or demurrer.

Feb. 4th, 1918.

W. Murray Jones, Attorney for Plaintiff.

On the same day an entry of default was made as follows:

"Lottie Hale and her husband J. N. Hale,

vs.

M. D. Weaver and Wesley Wells.
Assumpsit Damages, $5,000.00.

"And now, on this 4th day of February, A. D. 1918, the same being First Monday and Rule Day in said month, comes the plaintiff by his attorney W. Murray Jones and finding no plea or demurrer by the defendant, herein moves the Court for a judgment by default against the said defendant.

"Whereupon, it is ordered, that judgment by default be, and the same is hereby, rendered against the said defendant, and in favor of the said plaintiff, for want of such plea or demurrer.

"Clearwater, Florida, this 4th day of February, A. D. 1918.

J. N. Brown, Clerk,
By M. E. Bryan, D. C."

On February 19, 1918, a motion was filed to vacate the default judgment and for leave to defend. The motion was denied on June 8, 1918. The grounds of the motion to vacate do not relate to the form of the default judgment, but to excuses for not pleading and to defenses asserted.

At the trial the following verdict was rendered: "We, the jury find for the plaintiff and assess their damages at

$1,600.00, so say we all.'' Judgment thereon was entered February 18, 1920, as follows: ''It is therefore ordered and adjudged that Lottie Hale and her husband, J. N. Hale, plaintiffs, do have and recover of and from M. D. Weaver and Wesley Wells, defendants, the sum of $1,600.00 and a further sum of $10.00 as cost in this behalf expended for which let execution issue.''

Writ of error was taken by the defendants.

Where under the principle of *respondeat superior* an employer is liable in damages for the negligence of an employee that proximately injuries another, an action for damages may be maintained against both the employer and the employee, whether the employer participated in the negligent injury or not. See Schumpert v. Southern Ry., 65 S. C. 332, 43 S. E. Rep. 813, 95 Am. St. Rep. 808. ''The servant is liable because of his own misfeasance or wrongful act, in breach of his duty so to use that which he controlled as not to injure another. The master is liable because he acts by his servant, and is, therefore, bound to see that no one suffers legal injury through the servant's wrongful act done in the master's service within the scope of the agency. Both are liable jointly, because from the relation of master and servant they are identified in the same tortious act resulting in the same injury.'' 18 R. C. L. 780. See also Christina Mayberry v. Northern Pac. Ry. Co., 100 Minn. 79, 110 N. W. Rep. 356, 12 L. R. A. (N. S.) 675.

In such cases a judgment may be rendered in favor of an injured third party against both the employer and the employee, to be satisfied by either. The judgment is not strictly one as against joint tort feasors, where the employer takes no part in the negligent injury, but is liable only because of the doctrine of *respondant superior*. As

between the employer and employee in such cases the wrong doing is that of the employee alone, and the employer who pays a third party damages for injuries caused by the employee's negligence, may have remedy against the employee for breach of duty and consequent loss to the employer. See 1 Cooley on Torts, p. 255.

In this case the declaration sufficiently alleged a cause of action in tort in favor of husband and wife against both the employer and employee upon which a proper judgment for damages may be rendered where due proofs are made upon appropriate procedure.

In the order denying a motion for a new trial the court states: ''It cannot be said that the verdict is excessive if the jury believed plaintiff's evidence but the court would feel inclined to require a remittitur, had not counsel for defendants in arguing the motion expressly requested that no remittitur be ordered but that the motion be either granted or denied without qualification.''

While the entry of the default is defective as being against one defendant, both defendants had appeared and both were in default for not pleading, and the technically defective default did not render erroneous subsequent proceedings *by the court,* that are appropriate where the defendants were in fact in default and so admitted by their motion to vacate the default judgment. It does not appear that a default was entered by the court, but the defendants were expressly held to be in default upon their own admission, and the mere failure of the court to have a proper default entered did not give the defendants a right to contest the cause of action that was admitted by their failure to plead. The excuses offered for not pleading as required by law were obviously insufficient to show error in refus-

ing to vacate the default entered by the clerk. The clerical defect in the default entry was apparently not called to the attention of the court until nearly three months after the trial and entry of the judgment in the cause. Trial was had upon the amount of damages sustained as alleged in the declaration. In Stringfellow v. Ajax-Grieb Rubber Co., 67 Fla. 317, 64 South. Rep. 947, the proceedings were had before the clerk alone.

Present counsel for the plaintiffs in error, who apparently came into the case subsequent to the entry of the judgment, have presented and ably argued many questions, but in view of the proceedings had prior to the judgment, such questions are either waived or are rendered immaterial by the failure to plead and by the evidence as to the damages sustained. The charges given were sufficiently full and entirely fair, upon the issues properly before the jury.

No errors of which the defendants below may justly complain are made to appear, and the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.