PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* DAVID MARTÍNEZ, Defendant and Appellant.

No. 3938. Argued December 6, 1929.—Decided January 13, 1930.

*R. Rivera Zayas* and *Edelmiro Martínez Rivera,* for appellant. *R. A. Gómez,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

David Martínez was convicted of keeping and offering for sale adulterated milk. His contention is that "An act providing punishment for the adulteration of milk and for other purposes" (Session Laws of 1925, p. 558) is unconstitutional because it deals with more than one subject and the keeping or offering of adulterated milk for sale is not covered by the title. In support of this contention appellant cites 25 R.C.L. p. 866, sec. 110; Cooley *Constitutional Limitations* (7th ed.) page 212; *People* v. *Friederich,* 67 Colo. 69, 185 Pac. 657;

*St. Louis* v. *Wortman*, 213 Mo. 131; *State* v. *Persinger*, 76 Mo. 1; *Coremblum* v. *State*, 113 S. E. 159; *State* v. *Karkins*, 92 W. Va. 532, 115 S. E. 720; *Smith* v. *State*, 99 Tex. Or. R. 114, 268 S. W. 742; *Harrison* v. *State*, 136 Tenn. 229, 188 S. W. 742; *State* v. *Cumberland Club*, 188 S. W. 213; *State* v. *Barrett*, 27 Kansas 213 and *Albritton* v. *State*, 82 Fla. 89 So. 360.

In the absence of anything more persuasive, we are not prepared at this time to say that the law is unconstitutional.

The offense of keeping adulterated milk for sale or of offering it for sale, is closely allied to the offense of adulteration itself. The purpose of all penal legislation is to provide a deterrent to the commission of crime rather than to punish the individual offender. The purpose of the law ''providing punishment for the adulteration of milk'' is to discourage such adulteration, not to inflict suffering upon persons guilty of that act.

The dealer who keeps or offers adulterated milk for sale is *prima facie* responsible for the adulteration. The law, therefore, makes the dealer responsible for the condition of the milk by making the sale or the keeping or offering for sale a misdemeanor.

Technically the sale of adulterated milk, or the keeping or offering of such milk for sale is a separate and distinct offense. Nevertheless, the penalty imposed upon the dealer regardless of any actual adulteration by him or complicity therein or knowledge thereof, tends to correct the evil which the legislature intended to suppress. It would seem to follow that punishment of the dealer in adulterated milk is germane to the subject of ''providing punishment for the adulteration of milk.'' In any event, if any effect at all is to be given to the words ''and for other purposes'', they are certainly broad enough to include the kindred offense.

The judgment appealed from must be affirmed.