GEORGE W. RAYMOND *v.* SALVATORE CAPOBIANCO.

February Term, 1935.

Present: POWERS, C. J., MOULTON, THOMPSON, and SHERBURNE, JJ., and BUTTLES, Supr. J.

Opinion filed May 7, 1935.

*Stickney, Sargent & Chase* for the plaintiff.

*Fenton, Wing & Morse* for the defendant.

THOMPSON, J.   On September 8, 1932, the plaintiff brought an action of tort against Salvatore Costa, returnable before Windsor county court, alleging therein that on the date of the writ the defendant therein operated a certain Autocar truck over the public highway leading from Ludlow to the city of Rutland, that at Mount Holly the plaintiff owned and operated a certain Packard sedan, and at that time and place said Costa negligently, etc., operated said Autocar so that the same ran into and against plaintiff's car, whereby he was injured and his car was damaged.

Said cause was tried by jury at the June Term, 1933, of Windsor county court.   A verdict was rendered for the plaintiff for $2,100 for damages to his car, and for $230 for personal injuries suffered by him.   Final judgment was rendered on the verdict, and the judgment is in full force.

On November 28, 1933, the plaintiff brought an action of tort, the case before us, against the defendant on the same state of facts involved in the case against Costa, except that in this suit it is alleged that the defendant owned the Autocar and that it was operated by said Costa, agent and servant of the defendant, and, in substance, that due to the negligence, etc., of said agent and servant the accident in question occurred. The same elements of damage are alleged in this suit as were alleged in the prior suit.

The defendant was not present at the time of the accident, and he is liable, if liable at all, under the rule of *respondeat superior*.

The defendant has filed three pleas in bar.   The first plea sets forth, in substance, the fact of the former trial and the verdict and judgment thereon, and it is alleged that the same was then and now is in full force and effect, and not reversed, annulled, nor set aside; that no claim is asserted in the complaint that defendant was present or participated in the accident, or was in any wise negligent in respect thereof except by reason of the negligence of his said servant or agent; and that said defendant is in privity with said Costa.

In the second plea it is alleged, in substance, that the controlling facts and issues in this suit were tried and adjudicated in the former suit against Costa; that the accident described in both and each of the complaints is the' same and the identical accident; that no claim is made in the complaint that the defendant herein was present at the time and place of the alleged accident, or that he participated therein, or was in any wise negligent in respect thereto except by reason of his said servant and agent; that the defendant's liability is predicated solely on the doctrine of *respondeat superior,* and not otherwise; that, the extent and value in money of the damage to plaintiff's car and of his personal injuries having been determined, fixed, and liquidated by the verdict and judgment in the prior suit, and, as such verdict and judgment are now in full force and effect, the plaintiff herein is estopped from further litigating said facts and issues.

In the third plea the same facts concerning the accident, etc., are alleged, and it is further alleged therein that the plaintiff is now debarred from maintaining this action because ·he has exercised an election, and has elected to and has maintained and enforced an action identical with the one herein against said Costa, the defendant's agent or servant.

The plaintiff filed a demurrer to each of the pleas. The grounds of the demurrer to the first plea are:

"That this suit is an action of tort to recover damages by the plaintiff sustained by and through the negligent acts of the defendant, and that the facts by the defendant in his plea set forth, show and only show that both and each the defendant and his servant and agent, Salvatore Costa, are answerable to the plaintiff for the damages by him suffered on the 8th day of September, 1932, from the injuries by him then and there received by the acts of the defendant through and by the servant and agent, done and performed, as in the plaintiff's declaration is alleged, and in such case the liability of the defendant and of the said Salvatore Costa is both joint and several and the plaintiff has a right of action against each of the two until his damages are satisfied by either or both."

The grounds of the demurrers to the second and third pleas are identical with those set forth in the demurrer to the first plea, except that in the demurrer to the third plea the following words are added: "and that the said plaintiff by bringing his said suit against the said Salvatore Costa made no election and is not now barred from maintaining this action for the reasons aforesaid."

The court overruled each demurrer and adjudged each of the defendant's three pleas in bar sufficient and thereupon rendered judgment for the defendant. The plaintiff took and was allowed an exception to each of the several rulings of the court and to the judgment.

No claim is made by the plaintiff that this action can be maintained against the defendant on any ground other than that the defendant and his servant were joint tort-feasors and therefore jointly and severally liable. If they were joint tort-feasors, the action can be maintained under the rule that joint tort-feasors are jointly and severally liable to the injured party. If they were not joint tort-feasors, they are only liable severally, and, in that event, the third plea in bar sets forth a good defense, namely, that the plaintiff elected to proceed against the servant and is therefore barred from maintaining this action against the defendant.

The only question presented by the demurrers is whether a master, who is made liable for the negligent or wrongful act of his servant solely upon the ground of their relationship, under the doctrine of *respondeat superior*, and not by reason of any personal participation in the negligent or wrongful act by his presence or personal direction, is a joint tort-feasor so that he may be sued jointly with the servant, or severally for the negligent or wrongful act of the servant.

While a joint action has been maintained in our courts against a master and his servant for injuries caused by the negligent or wrongful act of the servant while acting within the scope of his employment, and the master was liable solely under the doctrine of *respondeat superior* (see *Jewett* v. *Pudlo et al.*, 106 Vt. 249, 172 Atl. 423; *Ronan* v. *Turnbull Co.*, 99 Vt. 280, 131 Atl. 788), the right of a plaintiff to maintain such an action has not before been properly raised in this Court.

In *Burnett* v. *Larrow*, 91 Vt. 190, 99 Atl. 729, the defendants attempted to raise the question in the court below by an excep-

tion to the overruling of their motions for a verdict, to dismiss, and for a nonsuit, based upon the alleged misjoinder. This Court held that the exception did not bring the question before it; but it was said in the opinion that the defendants could have saved the question by moving that the plaintiff be required to elect which defendant she would proceed against.

This question has been passed upon in many jurisdictions, but the decisions are in direct conflict. In some jurisdictions it is held that, although the master does not participate in the negligent or wrongful act of the servant, and he is liable only under the doctrine of *respondeat superior*, the action may be joint against the master and his servant or may be separate against either. *Southern Ry. Co.* v. *Grizzle,* 124 Ga. 735, 53 S. E. 244, 110 A. S. R. 191; *Wright* v. *Compton,* 53 Ind. 337; *Indiana Nitrogylcerin, etc., Co.* v. *Lippincott Glass Co.* (Ind. App.), 72 N. E. 183; *Chesapeake, etc., R. R. Co.* v. *Dixon's Admx.,* 104 Ky. 608, 47 S. W. 615; *Whalen* v. *Pennsylvania R. R. Co.,* 73 N. J. Law, 192, 63 Atl. 993; *Phelps* v. *Wait,* 30 N. Y. 78; *Schumpert* v. *Southern Ry. Co.,* 65 S. C. 332, 43 S. E. 813, 95 A. S. R. 802; *Howe* v. *Northern Pacific R. R. Co.,* 30 Wash. 569, 70 Pac. 1100, 160 L. R. A. 949; *Southern Ry. Co.* v. *Arnold,* 162 Ala. 570, 50 So. 293; *Mayberry* v. *Northern Pacific R. R. Co.,* 100 Minn. 79, 110 N. W. 356, 12 L. R. A. (N. S.) 675, 10 Ann. Cas. 754.

The doctrine of these decisions is stated in *Weaver* v. *Hale,* 82 Fla. 88, 91, 89 So. 363, as follows:

"Where under the principle of *respondeat superior* an employer is liable in damages for the negligence of an employee that proximately injures another, an action for damages may be maintained against both the employer and the employee, whether the employer participated in the negligent injury or not. * * * The servant is liable because of his own misfeasance or wrongful act, in breach of his duty so to use that which he controlled as not to injure another. The master is liable because he acts by his servant, and is, therefore, bound to see that no one suffers legal injury through the servant's wrongful act done in the master's service within the scope of the agency.

> Both are liable jointly, because from the relation
> of master and servant they are identified in the
> same tortious act resulting in the same injury.''

In other jurisdictions it is held that the master and the servant may not be joined in an action to recover for an injury caused by the negligent or wrongful act of the servant where the action is based solely upon the negligent or wrongful act of the servant, and the master is liable only under the doctrine of *respondeat superior*. The theory upon which this rule rests is that while the law makes the master answerable for the negligent or wrongful act of the servant done within the scope of the agency, the negligent or wrongful act of the servant is neither in fact nor in legal intendment the joint act of the master and servant.

In *Parsons* v. *Winchell*, 5 Cush. (Mass.) 592, 52 A. D. 745, a leading case, where it was held that a master and a servant were not liable jointly in an action on the case for an injury caused by the negligence of the servant while driving the horses and carriage of the master in his absence, the court said:

> ''To maintain an action against two or more
> jointly, the plaintiff must show a joint cause of
> action. In an action *ex delicto,* the act complained
> of must be the joint act of all the defendants,
> either in fact or in legal intendment and effect.
> * * * But the act of the servant is not the act of the
> master, even in legal intendment and effect, unless
> the master previously directs or subsequently
> adopts it. In other cases he is liable for the acts of
> his servant, when liable at all, not as if the acts
> were done by himself, but because the law makes
> him answerable therefor. He is liable, says Lord
> Kenyon, 'to make compensation for the damage
> consequential from his employing an unskilful or
> negligent servant.' 1 East., 108. The servant also
> is answerable to the party injured by his acts done
> as servant, and is answerable to the master for any
> damages which the master may be compelled to pay
> for his wrongful acts, unless those acts were di-
> rected by the master. But if the master and serv-

ant were jointly liable to an action like this, the judgment and execution would be against them jointly as joint wrongdoers, and the master, if he alone should satisfy the execution, could not call on the servant for reimbursement, nor even for contribution.''

In *Warax* v. *Cincinnati, etc., Ry. Co.* (C. C.), 72 Fed. 637, 643, where it was held that a master, who was liable only under the doctrine of *respondeat superior,* could not be joined with the servant in an action to recover damages caused solely by the negligent act of the servant, TAFT, Circuit Judge, speaking for the court, said: ''It will thus be seen that the master is not held on any theory that he personally interferes to cause the injury. It is simply on the ground of public policy, which requires that he shall be held responsible for the acts of those he employs, done in and about his business, even though such acts are directly in conflict with the orders he has given them on the subject. The liability of the servant, on the other hand, arises wholly because of his personal act in doing the wrong. It does not grow out of the relation of master and servant, and does not exist at all, unless it would also exist for the same act when committed, not as servant, but as the principal. Liabilities created on two such wholly different grounds cannot and ought not to be joint.''

In *Hobbs* v. *Hurley,* 117 Me. 449, 104 Atl. 815, 817, it is said: ''The reason is that joint tort-feasorship in case of negligence necessarily implies a community of interest in the object and purpose of the undertaking and an equal right to govern and direct the conduct of each other in respect thereto, and master and servant cannot be said to engage in a common enterprise because that relation is inconsistent with the relation of master and servant. Hence the rule (Citing authorities). We are aware that in some jurisdictions joint actions against master and servant have been allowed in cases of negligence * * * but our court has adapted with approval the reasoning of the Massachusetts court. *Campbell* v. *Portland Sugar Co.,* 62 Me. 552, 566, 16 A. R. 503.''

In *McNamara* v. *Chapman,* 81 N. H. 169, 123 Atl. 229, 31 A. L. R. 188, the plaintiff was injured by an automobile driven by the defendant, who was the owner's servant, the owner not

being present at the time of the accident. The plaintiff had recovered a judgment, which had not been satisfied, against the master, who was solvent, for his injuries. He then brought an action against the servant to recover for the same injuries. It was held that the plaintiff had elected to proceed against the master, and that the judgment against him for the tort of his servant was a bar to a suit by the same plaintiff against the servant for the same cause of action.

The court, in answer to the contention of the plaintiff that the action could be maintained against the servant because he and the master were joint tort-feasors, said that in reality the master is not a tort-feasor at all; that he is not a wrongdoer, but he is charged by law with a certain responsibility for the act of his servant; that the law identifies the master with the servant for this purpose, and makes the servant's act the master's; that it was upon this ground that the plaintiff recovered his judgment against the master; that he did not recover for any wrongful act of the master, but for the negligence of the servant imputed to the master.

The court said that the true foundation for the nonliability of the servant in the action against him was found in the fact that the plaintiff had an election to sue either the servant or the master, and he had elected to sue the master; that there was a single wrongful act, and it was the privilege of the plaintiff to treat it as that of the actor or as that of the master; that the plaintiff had his election to treat the master and servant as one and recover from the master, or to disregard their relation and recover from the servant; that he could treat the servant's act as that of the master, but not as that of master and servant.

In *Betcher* v. *McChesney*, 255 Pa. 394, 100 Atl. 124, 125, an action against a master, the court said: ''So, in this case, the law gives the right of election—the party may sue either master or servant, the one for actual negligence, the other for imputed negligence; but it by no means follows that, if he sue the one and obtain judgment, he can afterward sue the other on the ground that he had not realized on the judgment obtained.'' It may be, as is said in *Brennan* v. *Huber*, 112 Pa. Super. 299, 171 Atl. 122, that the statements of the court in the Betcher Case are *obiter dicta*, but we think that the reasoning in those statements is sound.

Other decisions which hold that where the master is liable for the negligent or wrongful act of his servant only under the doctrine of *respondeat superior,* the liability of the master and servant is several and not joint and several, and that a joint action cannot be maintained against them are: *Bailey* v. *Bussing,* 37 Conn. 349; *Hill* v. *Murphy,* 212 Mass. 1, 4, 98 N. E. 781, 10 L. R. A. (N. S.) 1102, Ann. Cas. 1913C, 374; *Mulchey* v. *Methodist Religious Society,* 125 Mass. 487; *Western Union Telegraph Co.* v. *Olsson,* 40 Colo. 264, 90 Pac. 841; *French* v. *Central Constr. Co.,* 76 Ohio St. 509, 81 N. E. 751, 12 L. R. A. (N. S.) 669; *Herman Berghoff Brewing Co.* v. *Przblski,* 82 Ill. App. 361; *Wilkins* v. *Ferrell,* 10 Tex. Civ. App. 231, 30 S. W. 450.

We are unable to perceive how any of the principles under which joint tort-feasors are held to be jointly and severally liable to an injured party are applicable to a master and servant where the wrongful act was committed by the servant alone, and the master did not participate in it or adopt it, and he is liable only under the doctrine of *respondeat superior.*

The master is not a wrongdoer, but the law gives to the injured party the right to elect to treat the master and servant as one and recover from the master, or to disregard their relation and recover from the servant. He can treat the servant's act as that of the master but not as that of the master and servant.

We think the rule that in such cases the master and servant are not joint tort-feasors, and are only severally liable to an injured person, is based on sounder reasoning than the rule that they are joint tort-feasors, and therefore jointly and severally liable, and we adopt that rule.

The third plea sets forth a bar to the maintenance of this action by the plaintiff, *viz.,* that the plaintiff elected to sue and recover from the servant, Salvatore Costa, on the same cause of action, and that the judgment in the suit against Costa bars the plaintiff from maintaining this suit. There was no error in overruling the demurrer to the third plea.

It is not necessary to determine the questions raised by the demurrers to the first and second pleas as those questions are decided by what we have said herein.

*Judgment affirmed.*